JEAN PHILLIPS v. RONNIE D. PHILLIPS

No. 7928DC953

(Filed 6 May 1980)

**1. Rules of Civil Procedure § 56— amendment of case number on motion for summary judgment**

The trial court did not err in permitting plaintiff to amend her motion for summary judgment by correcting the file number shown in the caption thereof

Phillips v. Phillips

where plaintiff had used the file number of a prior case between the parties, at the time the motion was served the present case was the only case pending between the parties, and the notice attached to the motion and the contents of the motion clearly indicated that the motion was directed to the present case.

2. **Judgments § 37.3— amounts owed under separation agreement—earlier judgment res judicata as to defenses**

In an action to recover alimony owed under a separation agreement, defendant's defenses that the separation agreement was invalid because of duress on the part of plaintiff and because of a material breach by the plaintiff were barred under the doctrine of *res judicata* by a consent judgment entered in an earlier action between the same parties to recover an amount then due under the same separation agreement. However, the earlier consent judgment was not *res judicata* as to alleged breaches of the agreement by plaintiff which arose subsequent to the consent judgment and could not have been brought forward in the first suit.

APPEAL by defendant from *Israel, Judge.* Judgment entered 25 May 1979 in District Court, BUNCOMBE County. Heard in the Court of Appeals 28 March 1980.

On 12 June 1978 plaintiff instituted a breach of contract action based upon a separation agreement executed by the parties on 4 February 1976. Plaintiff alleged that the defendant owed $1,025.00 as of 8' June 1978. Plaintiff attached a copy of the separation agreement as an exhibit to her complaint. Defendant's responsive pleadings, filed on 15 September 1978, contained a general denial, the defense of duress, although denominated a counterclaim, and a further defense also, denominated a counterclaim based upon alleged material breaches of the separation agreement by the plaintiff. Defendant also asserted a third-party claim against his children, alleging that pursuant to the separation agreement he executed a deed to the third-party defendants for his interest in the parties' homeplace. Defendant seeks to have the deed declared void for lack of consideration and because it was executed under duress. Plaintiff's suit was given file No. 78CVD1226.

On 5 April 1979 plaintiff filed a motion for summary judgment and a notice for motion, which documents were served by mail on the defendant. In support of her motion, plaintiff alleged that in August 1977 she had instituted an action in small claims court for payment of arrearages then owing by the defendant. Upon a verdict in plaintiff's favor by the magistrate, defendant appealed to the district court. Thereafter, the parties signed a

consent judgment in favor of the plaintiff for the amount owing. Plaintiff alleged that the prior consent judgment is *res judicata* to all defenses which the defendant has asserted in the present action. Plaintiff attached a copy of the complaint and consent judgment entered in the small claims matter, file No. 77CVM2317. However, plaintiff's motion for summary judgment and notice were captioned with the file number from the small claims action (77CVM2317).

Prior to the trial on the matter, the trial judge granted plaintiff's motion for summary judgment as to defendant's defenses. Upon a hearing on the merits, plaintiff testified that the defendant owed $2,100.00 under the separation agreement. Defendant presented no evidence. On 25 May 1979 a Judgment was filed in which the court found that the defendant presented no evidence that the plaintiff had breached the separation agreement, and that the prior consent judgment is *res judicata* of the issues raised in defendant's counterclaim. Therefore, the trial court awarded plaintiff $2,100.00 and dismissed defendant's counterclaim. Defendant appealed.

*Elmore & Elmore, by Bruce A. Elmore, Jr., for plaintiff appellee.*

*Riddle, Shackelford & Hyler, by George B. Hyler, Jr., for defendant appellant.*

MARTIN (Robert M.), Judge.

[1] Defendant first contends that the court erred in hearing the motion for summary judgment in this cause when the motion was filed in 77 CVM 2317 rather than in this cause which is 78 CVD 1226.

When this case was called for trial, plaintiff requested a hearing on her motion for summary judgment. Defendant objected on the ground that there was no motion for summary judgment pending in this cause. Upon discovering that said motion had been given the wrong case number, plaintiff orally moved to be allowed to amend the caption number of the motion for summary judgment from 77 CVM 2317 to 78 CVD 1226.

Liberal amendment of pleadings is encouraged by the Rules of Civil Procedure in order that decisions be had on the merits

and not avoided on the basis of mere technicalities. Rule 15, N.C. Rules Civ. Proc.; *Mangum v. Surles*, 281 N.C. 91, 187 S.E. 2d 697 (1972). "The philosophy of Rule 15 should apply not only to pleadings but also to motions where there is no material prejudice to the opposing party." *Taylor v. Triangle Porsche-Audi, Inc.*, 27 N.C. App. 711, 714, 220 S.E. 2d 806, 809 (1975), *cert. denied* 289 N.C. 619, 223 S.E. 2d 396 (1976). The motion for summary judgment was properly filed with the court pursuant to Rule 5(d) and (e), N.C. Rules Civ. Proc., governing the filing of pleadings and other papers, within two months of the date of trial and was properly served on the attorney for defendant. At the time the motion was served the subject case was the only case pending between plaintiff and defendant. The notice attached to the motion and the contents of the motion clearly indicate that it is directed to the subject case rather than to 77 CVM 2317. Defendant has demonstrated no prejudice arising from the incorrect case number. As in *Taylor* the trial court averted a decision on the basis of a mere technicality in allowing plaintiff to amend the file number and in proceeding to hear the motion on its merits.

[2] Defendant further contends that the court erred in allowing plaintiff's motion for summary judgment based on a plea of *res judicata.*

"An estoppel by judgment arises when there has been a final judgment or decree, necessarily determining a fact, question or right in issue, rendered by a court of record and of competent jurisdiction, and there is a later suit involving an issue as to the identical fact, question or right theretofore determined, and involving identical parties or parties in privity with a party or parties to the prior suit." (Citations omitted.) *King v. Grindstaff*, 284 N.C. 348, 355, 200 S.E. 2d 799, 805 (1973), quoting *Masters v. Dunstan*, 256 N.C. 520, 124 S.E. 2d 574 (1962). A consent judgment, as well as a judgment on trial of issues, is *res judicata* as between the parties upon all matters embraced therein. *McLeod v. McLeod*, 266 N.C. 144, 146 S.E. 2d 65 (1966). The plea of *res judicata* applies not only to the points upon which the court was required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject in litigation and which the parties *exercising reasonable diligence*, might have brought forward at the time and determined respect-

ing it. *Painter v. Board of Education,* 288 N.C. 165, 217 S.E. 2d 650 (1975).

In applying these principles to the case *sub judice,* we think defendant's defenses that the deed of separation was invalid due to duress on the part of the plaintiff and because of a material breach of the separation agreement by the plaintiff are barred by the earlier judgment involving the same plaintiff and defendant and the same subject matter. In the earlier action, plaintiff alleged that defendant owed her "[a]limony since June 15, 1977 — 275.00 $25.00 per week." This claim was based on a separation agreement which plaintiff and defendant entered into on 4 February 1976 whereby defendant promised to pay plaintiff the sum of $25.00 per week as alimony. In a consent judgment entered 28 February 1978 defendant represented by counsel consented to the following finding of fact: "That the Defendant owes the Plaintiff, pursuant to a separation agreement, the sum of $275.00 (Two Hundred Seventy-Five and 00/100 Dollars)," and was ordered to pay said amount. Although not specifically pled in the earlier action, the separation agreement is within the scope of the pleadings and forms the basis of plaintiff's right of recovery against defendant in both actions. The ultimate issue in both actions is the same, whether defendant failed to pay any sums which the separation agreement obligated him to pay.

The *res judicata* effect of the consent judgment on the present action falls squarely within an example set forth in *Cromwell v. County of Sac.,* 94 U.S. 351, 352-53, 24 L.Ed. 195, 197-198 (1877).

> Thus, for example, a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that perfect defenses actually existed, of which no proof was offered, such as forgery, want of considerations or payment. If such defenses were not presented in the action, and established by competent evidence, the subsequent allegation of their existence is of no legal consequence. The judgment is as conclusive, so far as future proceedings at law are concerned, as though the defenses never existed.

Such is the case here as to the defense of invalidity of the separation agreement and the defense of breach of the separation agree-

ment where the breaches existed at the time prior to or at the time of the consent judgment.

Defendant correctly submits, however, that summary judgment on the ground of *res judicata* was not properly granted as to the defense of breach where the breaches arose subsequent to the consent judgment and could not have been brought forward in the first suit. Because the court, prior to the hearing of any evidence, allowed plaintiff's motion for summary judgment, which motion alleged that the consent judgment was "res judicata to all defenses which the defendant has assented [sic] to the above action," defendant was precluded from presenting evidence of those breaches which may have arisen after the consent judgment. For these reasons, summary judgment as it relates to all those defenses which are *res judicata* is affirmed. The order of the court allowing alimony is vacated and the cause is remanded to district court of Buncombe County for further proceedings not inconsistent with this opinion.

Vacated and remanded.

Judges WEBB and HILL concur.