The PEOPLE of the State of Colorado, Petitioner-Appellant, In the Interest of G.K.H., a Child,

And Concerning R.R.H. and L.C.W., Respondents-Appellees.

No. 84CA0176.

Colorado Court of Appeals, Div. II.

Dec. 20, 1984.

Rehearing Denied Jan. 17, 1985.

Certiorari Denied April 15, 1985.

Patrick R. Mahan, Jefferson Co. Atty., Daniel E. Ramsey, Babette Norton, Asst. Co. Attys., Golden, for petitioner-appellant.

Lyle A. Barron, Lakewood, Guardian Ad Litem.

Jeffrey K. Holmes, Denver, for respondents-appellees.

KELLY, Judge.

The People appeal the order of the trial court dismissing this action in dependency or neglect based on the alleged sexual abuse of the child, G.K.H., by her father. The trial court dismissed the petition, ruling that the People had, by stipulation in a prior proceeding, waived the right to terminate the father's parental rights and that

the People were barred by the doctrines of *res judicata* and collateral estoppel from pursuing this second action in dependency or neglect. We reverse.

On March 4, 1982, the People filed a petition naming the father as a respondent and asserting that G.K.H. was dependent and neglected because of alleged abuses of her by her stepmother. A psychological evaluation of the child and her father was filed with the court indicating that both medical and psychological evidence existed showing that the child had been subjected to sexual as well as physical abuse. Further investigation conducted by a social worker in June 1982 revealed that the father had attempted to have sexual intercourse with the child.

On October 7, 1982, the father admitted that portion of the petition alleging that "the child lacks proper parental care through the omissions of her parents, guardian, or legal custodian." The People thereafter struck the allegations of the petition dealing with termination of parental rights and stipulated with the father not to seek termination of his parental rights. A treatment plan was subsequently approved by the court and, so far as we are advised, continues in effect.

On May 12, 1983, the People filed the petition in this case, again alleging that the child is dependent and neglected, and further alleging for the first time sexual contact and attempted intercourse by the father with the child.

■ We agree with the argument that the stipulation in the earlier proceeding does not prohibit the People from bringing this action. In *In re People in Interest of A.R.S.*, 31 Colo.App. 268, 502 P.2d 92 (1972), this court held that, under the Children's Code, parties are precluded from stipulating any restrictions upon the court's duty to protect the best interests of a child. Undeniably, this stipulation not to seek termination of the father's parental rights interferes with the court's duty to protect the child from parental excesses.

The People also argue that *res judicata* does not apply to proceedings in dependency and neglect where the underlying factual basis giving rise to each adjudication is different. We agree that *res judicata* does not bar this action.

■ *Res judicata*, as defined in *Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1973), refers to claim preclusion:

"The doctrine holds that an existing judgment is conclusive of the rights of the parties in any subsequent suit on the same claim. It bars relitigation not only of all issues actually decided, but of all issues that might have been decided."

However, *res judicata* applies only when there exists identity of subject matter, cause of action, parties, and capacity in the person for whom or against whom the claim is made. Also, the decision in the prior case must have been rendered on the merits. *Summerhouse Condominium Ass'n, Inc. v. Majestic Savings & Loan Ass'n*, 660 P.2d 16 (Colo.App.1982).

■ Here, we conclude that the voluntary dismissal by the People of its claim for termination of the father's parental rights pursuant to the invalid stipulation was not a decision rendered on the merits. *See People in Interest of D.L.E.*, 645 P.2d 271 (Colo.1982); and *People in Interest of D.A.K.*, 198 Colo. 11, 596 P.2d 747 (1979).

The judgment is reversed and the cause is remanded with directions to the trial court to reinstate the People's petition in dependency and neglect and for further proceedings.

SMITH and STERNBERG, JJ., concur.