391 S.E.2d 632

**Donald SINES**

v.

**Tony BALL, d/b/a Tony's Diesel Repair.**

No. 18861.

Supreme Court of Appeals of
West Virginia.

April 2, 1990.

Mark D. Nigh, Philippi, for Donald Sines.

John A. Mosesso, Mosesso & Mucklow, Philippi, for Tony Ball.

PER CURIAM:

Donald Sines appeals from an order of the Circuit Court of Barbour County, entered on March 24, 1988, which granted the

---

motion of Tony Ball, d/b/a Tony's Diesel and Repair (Tony's), to dismiss Mr. Sines' appeal from a magistrate court judgment.[1] That order also granted Tony's motion to dismiss a civil action filed by Mr. Sines in circuit court on the ground that the claims asserted therein were based on matters tried and determined before the magistrate. Mr. Sines appeals from a May 27, 1988 order denying his motion for relief from the March 24, 1988 order.

This action began when Tony's filed suit against Mr. Sines in the Magistrate Court of Barbour County to collect costs for repairing a tractor-trailer truck. After a trial, judgment was rendered against Mr. Sines in the amount of $602.09 and $25.00 costs. The judgment was entered on September 1, 1987.

On September 21, 1987, Mr. Sines appeared in magistrate court and requested that the judgment be appealed to the circuit court. The next day, he executed a civil appeal bond with a justification of surety based on property titled in his wife's name. Defects in the justification of surety were corrected, and it was received by the magistrate clerk's office on September 30, 1987. Upon its receipt, the appeal was perfected.

Until Mr. Sines hired counsel in October, 1987, both parties had proceeded *pro se.* Tony's obtained counsel and, in February, 1988, requested that the appeal be set for trial. On February 26, 1988, Tony's advised Mr. Sines that it would ask the circuit court to dismiss the appeal. Before the matter was heard, Mr. Sines filed suit in circuit court against Tony's, alleging negligence, breach of contract, breach of written warranty, breach of implied warranty, and claiming damages for loss of use of his truck, loss of business income, and the costs of repair and inconvenience. Mr. Sines moved to consolidate the two actions pursuant to Rule 42 of the West Virginia Rules of Civil Procedure.

The circuit court held that Mr. Sines was not entitled to an appeal as a matter of right because the appeal was perfected more than twenty days after the magistrate court judgment. The court also held that the ninety-day period in which to apply for a discretionary appeal had expired without the court being asked to determine whether good cause existed for granting such application. The court found that the civil action filed in circuit court was based on matters tried and determined before the magistrate and that Mr. Sines already had an opportunity to present his dissatisfaction with the work performed by Tony's. The circuit court dismissed both the appeal and the civil action.

I.

W.Va.Code, 50-5-12 (1978), provides, in pertinent part:

"Any person may appeal the judgment of a magistrate court to the circuit court as a matter of right by requesting such appeal not later than twenty days after such judgment is rendered.... If no appeal is perfected within such twenty-day period, the circuit court of the county may, not later than ninety days after the date of judgment, grant an appeal upon a showing of good cause why such appeal was not perfected within such twenty-day period."

Mr. Sines filed his appeal on the twentieth day, but did not perfect it until nine days later. He made no showing of good cause for a discretionary appeal at any time.

Mr. Sines now argues that the appeal cannot be defeated solely by reason of his unfamiliarity with procedural or evidentiary rules. *Blair v. Maynard,* 174 W.Va. 247, 324 S.E.2d 391 (1984). As a *pro se* litigant, Mr. Sines contends that the court had a duty to insure fairness by allowing reasonable accommodations so long as no harm was done to an adverse party. *Bego v. Bego,* 177 W.Va. 74, 350 S.E.2d 701 (1986). His reliance on these cases is misplaced. Shortly after perfecting the appeal, and well within the ninety-day time

---

**1.** We denied Tony's motion to dismiss this appeal on August 23, 1989. No other appearance has been made or response filed in the matter before us.

period for showing good cause to grant the appeal, Mr. Sines retained counsel.

Even if an appeal is filed after the ninety-day period has expired, access to the courts may not be foreclosed, according to Syllabus Point 1 of *Truglio v. Julio*, 174 W.Va. 66, 322 S.E.2d 698 (1984):

> "The statutory period within which litigants must appeal the verdicts of magistrate courts does not bar a trial *de novo* in circuit court after the ninety-day period has expired if the litigants have acted in utmost good faith and their failure properly to appeal results exclusively from systemic ineptitude and inflexibility in the magistrate court itself and not inattention to the prosecution of their lawsuit."

However, we do not believe that *Truglio* is applicable to the facts in this case. The Truglios, acting *pro se,* spent fourteen months attempting to appeal a magistrate's dismissal of their case. Their appeal was consistently "thwarted by lack of notice of their original hearing date, perfunctory dismissals, and possibly incorrect legal advice from a magistrate." 174 W.Va. at 69, 322 S.E.2d at 702. In this case, Mr. Sines' right to appeal expired because he took no action, even after obtaining counsel, not because of systemic ineptitude and inflexibility in the magistrate court. The circuit court correctly dismissed the appeal.

## II.

■ Mr. Sines next argues that the court's dismissal of his civil action filed in

circuit court is directly contrary to W.Va. 50–4–9 (1978).[2] We agree.

We addressed the clear language of the statute in the Syllabus of *Weller v. Moffett's Pharmacy, Inc.*, 167 W.Va. 199, 279 S.E.2d 196, 22 A.L.R.2d 621 (1981), where we said:

> "Under the express terms of W.Va. Code, 50–4–9 [1978], a defendant in a civil action in magistrate court who fails to assert a counterclaim is not precluded from instituting an action on such claim at a later date, nor will the adjudication of the original claim constitute *res judicata* or act as an estoppel as to any such counterclaim."

In essence, all counterclaims in magistrate court are permissive. Based on the foregoing statute, Mr. Sines is entitled to maintain his claim in circuit court.

We, therefore, affirm the order of the Circuit Court of Barbour County dismissing the appeal from the magistrate court judgment. However, we reverse the order insofar as it granted the motion to dismiss the civil action, and we remand the matter to the circuit court for further proceedings.[3]

Affirmed, in part, Reversed, in part, and Remanded.

---

2. W.Va.Code, 50–4–9 (1978), reads, in pertinent part:

"A defendant in a civil action may at any time within twenty days after the service of process of him commence a separate action as a counterclaim.... The failure to institute a counterclaim permitted by this action shall *not* preclude the institution of an action on such claim at a later date. The adjudication of the original claim shall not constitute *res judicata* as to any such permitted counterclaim nor shall it act as an estoppel as to such permitted counterclaim." (Emphasis added). Effective July 1, 1988, this provision was superseded by Rule 5 of the West Virginia Magistrate Court Rules of Civil Procedure, which retained the permissive counterclaim.

3. We considered Mr. Sines' assertion that Tony's never filed a written motion to dismiss as required by Rule 12(b), W.Va.R.Civ.P.; however, we are unable to reach the merits of this argument because the designated record is incomplete in this area. *Thornton v. CAMC,* 172 W.Va. 360, 305 S.E.2d 316 (1983). Because of our holdings on other assertions of error, we do not need to rule on Mr. Sines' claim of error under Rule 60(b), W.Va.R.Civ.P.