In re the MARRIAGE OF Gail S. WRIGHT, Appellee,

and

Gary A. Wright, Appellant.

Nos. 91CA0691, 91CA1407.

Colorado Court of Appeals, Div. II.

June 18, 1992.

Rehearing Denied July 16, 1992.

Certiorari Denied Dec. 14, 1992.

Pendleton & Sabian, P.C., Alan C. Friedberg and Susan M. Hargleroad, Denver, for appellee.

Faegre & Benson, James L. Huemoeller, Denver, for appellant.

Opinion by Judge SMITH.

In two appeals consolidated for purposes of this opinion, Gary A. Wright (husband) challenges the orders of the trial court awarding attorney fees to Gail S. Wright (wife) pursuant to the terms of the parties' dissolution of marriage decree.  We affirm.

The decree dissolving the marriage of the parties entered in May 1982 incorporated a settlement agreement.  The agreement provided that the husband would make specified monthly payments to the wife and that the prevailing party in any

future litigation could be awarded attorney fees.

In August 1988, the husband filed a petition for relief under Chapter 7 of the Bankruptcy Code, listing the wife as an unsecured creditor under the separation agreement. The husband then sought a declaratory judgment from the bankruptcy court on the issue of whether the payments required by the separation agreement were dischargeable. In her answer, the wife argued that the payments were not dischargeable, and she requested that she be awarded her costs, including attorney fees. The bankruptcy court ruled that the payments mandated by the separation agreement were in the nature of alimony and, therefore, were not dischargeable. The court's ruling, however, failed to address the wife's request for attorney fees.

The husband appealed the discharge ruling to the federal district court. In April 1989, the parties stipulated to dismissal of the appeal, with each party to pay his or her own respective costs.

### Case No. 91CA0691

In December 1989, the wife filed a motion with the state trial court requesting an award of the attorney fees she had incurred in the bankruptcy proceedings. Following a hearing, the trial court granted the wife's motion and entered judgment in the amount requested.

On appeal, the husband contends that the wife's claim for attorney fees incurred during the bankruptcy proceedings was barred under the doctrine of *res judicata.* We disagree.

### A.

As an initial matter, we reject the wife's contention that we are precluded from reviewing this issue because the husband failed to present the defense of *res judicata* to the trial court.

Under the doctrine of *res judicata,* a final judgment on the merits precludes the parties from relitigating issues that were or could have been raised in that action. *City & County of Denver v. Con-*solidated Ditches Co., 807 P.2d 23 (Colo. 1991). This principle is an affirmative defense which is considered waived if not appropriately raised. *See* C.R.C.P. 8(c).

Here, in his response to the wife's motion, the husband argued, *inter alia,* that if the wife was entitled to an award of fees by the bankruptcy court, her failure to make a timely post-judgment request for such an award barred her claim in the state court. In addition, during the hearing on the wife's motion, the husband argued that the wife's claim for attorney fees should have been reviewed by the bankruptcy court.

Although the husband never explicitly used the term *"res judicata,"* the arguments raised by him adequately gave notice that he was defending, in part, on the basis that the parties were bound by the earlier judgment. This was sufficient to avoid waiver of this defense. *See Leonhart v. District Court,* 138 Colo. 1, 329 P.2d 781 (1958); *see also* C.R.C.P. 8(e) ("No technical forms of pleading or motions are required").

### B.

The defense of res judicata does not apply when the initial forum lacked the authority to award the full measure of relief sought in the subsequent litigation. *Denver v. Block 173 Associates,* 814 P.2d 824 (Colo.1991). Consequently, the applicability of the doctrine here turns on whether the bankruptcy court could have granted the wife's request for attorney fees.

A discharge in bankruptcy relieves a debtor of all debts that arose prior to the date on which the petition was filed. 11 U.S.C. § 727(b) (1989). When, as here, a party has initiated adversary proceedings under 11 U.S.C. § 523 (1989), the role of the bankruptcy court is limited to determining, first, whether a pre-petition debt is dischargeable and, second, the amount of the debt. *See, e.g., In re Kellar,* 125 B.R. 716 (Bankr.N.D.N.Y.1989).

Here, although the execution of the settlement agreement gave rise to a contingent right to payment on the part of the

wife, the attorney fees at issue were incurred during the bankruptcy proceedings and, thus, are properly considered as post-petition debts. *See In re Lathouwers*, 54 B.R. 205 (Bankr.D.Colo.1985); *but see In re Cohen*, 122 B.R. 755 (Bankr.S.D.Cal.1991). Accordingly, the wife's entitlement to an award of attorney fees under the terms of the settlement agreement was not a proper issue for resolution in the bankruptcy court, and the wife was therefore not barred by *res judicata* from pursuing that claim in state court.

C.

■ The husband next contends that the stipulation for dismissal of the bankruptcy appeal, which provided that both parties would pay his or her own costs, resulted in a waiver of the wife's claim for attorney fees. We disagree.

■ Contrary to the assertion of the husband, the term "costs" normally does not include attorney fees. *See Lanes v. O'Brien*, 746 P.2d 1366 (Colo.App.1987). Moreover, the husband failed to offer any extrinsic evidence which would suggest that the parties intended this term to include attorney fees. Under these circumstances, we agree with the trial court that the stipulation for dismissal did not bar the wife from pursuing her claim for attorney fees.

Case No. 91CA1407

■ The court, subsequent to the order appealed from in Case No. 91CA0691, awarded the wife the attorney fees she had incurred in pursuing that motion in the state court. The husband now also contends that the trial court erred in awarding the wife the attorney fees she had incurred in pursuing her initial request for attorney fees. Specifically, the husband argues that the trial court lacked authority to consider the wife's affidavit regarding attorney fees because it was filed after the 15–day deadline established by C.R.C.P. 121 § 1–22. We disagree.

■ Although C.R.C.P. 121 § 1–22 requires that a request for an award be filed within 15 days of the entry of the pertinent order or judgment, the rule also provides that a request may be filed "within such greater time as the court may allow." Further, contrary to the assertion of the husband, a party's failure to request an extension of time does not preclude a trial court from considering a request for an award of costs and fees which has been filed beyond the 15–day deadline. *See Koontz v. Rosener*, 787 P.2d 192 (Colo.App.1989); *Jackson v. Harsco Corp.*, 653 P.2d 407 (Colo.App. 1982), *rev'd on other grounds*, 673 P.2d 363 (Colo.1983). Thus, the trial court did not err in considering the request.

■ In light of our ruling relative to 91CA0691, wife is entitled not only to the award in 91CA1407 but also to an attorney fee award for these proceedings in this court. The amount shall be determined by the trial court on remand and judgment entered therefor.

The orders in both cases are affirmed, and the causes are remanded for further proceedings as directed herein.

STERNBERG, C.J., and TURSI, J., concur.