OPINION OF THE COURT
Memorandum.
Order unanimously affirmed, without costs.
*990 Plaintiff brought this action to recover for various damage sustained to his apartment and its contents as a result of a water leak. Prior hereto, the plaintiff brought similar actions against defendant in the Small Claims Part of the court but was unsuccessful.
In our opinion, the action should be dismissed because it is barred by the doctrine of res judicata. CCA 1808 provides that a small claims judgment "may be pleaded as res judicata only as to the amount involved in the particular action and shall not otherwise be deemed an adjudication of any fact at issue or found therein in any other action or court.” In Siegel, New York Practice § 585 (2d ed), it is stated with reference to section 1808 that "[t]he provision was not intended to divest the small claims judgment of its 'claim preclusion’ effect, which is the more technical meaning of 'res judicata’, but rather of its 'collateral estoppel’ or 'issue preclusion’ use.” If plaintiff loses the small claims suit to defendant, the loss precludes plaintiff from suing defendant for the same cause again even in the regular part of the court. The attempt to duplicate the claim in full made it a "res judicata” ("claim preclusion”) situation, and the second action would be barred even had it asked for more money than was involved in the small claims action, notwithstanding the technical language of the statute (see generally, Rosen v Parking Garage, 40 Misc 2d 178; Levins v Bucholtz, 208 Misc 597, affd 2 AD2d 351; Chang v Chiariello, 114 Misc 2d 186).
The action at bar presents a "claim preclusion” situation and is barred by the doctrine of res judicata.
Kassoff, P. J., Aronin and Scholnick, JJ., concur.