Jodi **VINCENT,** Plaintiff–Appellant,

v.

**CLEAN WATER ACTION PROJECT,**
Defendant–Appellee.

No. 95CA1130.

Colorado Court of Appeals,
Div. I.

April 3, 1997.

Rehearing Denied May 8, 1997.

Smith & Lillie, L.L.C., Bruce G. Smith, Michael W. Lillie, Englewood, for Plaintiff–Appellant.

Hall & Evans, L.L.C., Alan Epstein, Clifton P. Swift, Denver, for Defendant–Appellee.

Opinion by Judge METZGER.

Plaintiff, Jodi Vincent, appeals the judgment dismissing her wrongful termination action against defendant, Clean Water Action Project. We affirm.

Plaintiff was employed by defendant as a fund raiser and was obligated to meet a weekly quota. At the time of the incident here, plaintiff wished to attend a conference sponsored in part by defendant and, knowing that she would be required to raise money to cover a portion of her expenses, spent Saturdays canvassing neighborhoods for that purpose.

On about July 1, 1993, plaintiff raised approximately $168. She only needed to credit $33 of that sum to meet her $600 weekly quota for general fund raising. Therefore, she elected to "hold" the additional $135 and apply that toward fees for the conference, thereby minimizing her Saturday workload. She announced this plan to her supervisor at

the end of business on Friday when she turned in the $33; her supervisor advised her that "holding money" was contrary to defendant's policy. An argument ensued, and plaintiff ultimately gave up the $135 to her supervisor.

Over the next several days discussions occurred among the supervisory personnel, and ultimately plaintiff's employment was terminated on July 9, 1993. She was paid the salary that was due and owing her, but she was not paid for what she believed to be an accrued week of vacation pay. The reason given by a representative of defendant was that employees who resign in good standing are given a week of vacation pay, but, since plaintiff was terminated, she was not entitled to vacation pay. Plaintiff then filed an action in the small claims division of the Denver County Court seeking $362 for vacation pay, plus penalties pursuant to § 8–4–117, C.R.S. (1986 Repl.Vol. 3B).

After a trial, the magistrate, on October 14, 1993, entered judgment in favor of plaintiff for $362 for the vacation pay. However, the magistrate found:

> [T] he Court is not going to award any penalty because the statute says that in order to do that there cannot be any legal justification on the part of the employer. And there is enough testimony here to talk about at least undermining some policy, even though the policy may be verbal or may be habit. Although it would have been helpful if there was something in writing to address the question one way or the other, it's not in there at all, and no one has been able to help the Court find any documentation to that effect.
>
> So with regard to the vacation pay, the Court is going to award that vacation pay to the Plaintiff. However, the Court is not going to award any penalty or any statutory salary based on the fact that there is enough evidence with regard to the second point of some undermining at least enough to raise the question and take it away from the statute.

Thereafter, on April 19, 1994, plaintiff initiated the action here at issue against defendant in the Denver District Court listing, as her claims for relief, wrongful discharge, breach of contract, negligent misrepresentation, promissory estoppel, defamation, and outrageous conduct. She sought damages of over $500,000.

In her disclosure certificate filed January 6, 1995, plaintiff listed as an exhibit "Claim and Response, County Court Case No. 55327, Small Claims Division, City and County of Denver."

And, in her proposed findings of fact and conclusions of law filed with the court, plaintiff stated: "In her small claims action, the County Court indeed found that there was not a deliberate act on the part of Ms. Vincent to withhold the money...."

On March 3, 1995, the case came on for trial, and the trial court asked if counsel had any preliminary matters that needed to be addressed. There followed a discussion between court and counsel concerning the applicability of either collateral estoppel or *res judicata* as a result of the county court proceeding.

> [DEFENDANT'S COUNSEL]: If I may proceed. Listed in Plaintiff's exhibits is a Transcript of Proceedings in their Exhibits 2 and 3. Your Honor, the County Court Notice Claim and Summons to Appear, Transcript of Proceedings of October 14, 1993, we don't believe that those are proper matters before this Court. And if they are properly to be addressed and admitted, they would affect how we approached the trial today. The Complaint—
>
> THE COURT: So we are talking about some sort of collateral estoppel issue?
>
> [DEFENDANT'S COUNSEL]: That's the issue, Your Honor. Plaintiff [sic] in their proposed findings indicated that there has been some determination with respect to Ms. Vincent's termination. We do not believe that it's collateral estoppel or binding. But if it were to be collateral estoppel or binding, we believe it would be binding with respect to all matters, and this matter would be properly dismissed. So—
>
> THE COURT: Well, you are talking *res judicata* then. So I had that question when I read over these issues as well. So why don't you both address preliminarily

why either one or both of those doctrines don't apply?

[PLAINTIFF'S COUNSEL]: Your Honor, indeed it is our position that the Small Claims Court did hear and make a finding on one issue, and that is the issue as to whether Ms. Vincent deliberately withheld money. The scope of the Small Claims claim was for vacation pay. Of course, that Court is of limited jurisdiction. It was not a claim on the discharge itself, but simply for vacation pay that she claims she was entitled to.

The Court did find that she did not deliberately withhold the money as they had alleged. That was directly put before that Court, and that issue, to the extent that issue is in issue in this case, was collaterally determined by that Court. It is not our position that that was *res judicata* of the issues before this Court.

My suggestion to this Court would be that we take up the issue of the Small Claims finding if and when it becomes necessary to get to it. Of course, the Plaintiff would have to lay the proper foundation for admission of that anyway.

THE COURT: Well, assume the if and when is now. Because if I determine that she brought the action there, was Clean Water Action Project the Defendant and responded to that action.

[DEFENDANT'S COUNSEL]: Yes, Your Honor, it was.

THE COURT: So that all of the predicate requisites are met for a determination of *res judicata*, this is the if and when part. So do you want to address all of those issues?

And, after taking a recess to allow counsel to research the issue, conducting research itself, and hearing argument on the issue of *res judicata*, the court determined:

[P]laintiff is precluded by *res judicata* from asserting any of her claims in this Court, save only for the defamation claim which is statutorily prohibited from adjudication in county court. Plaintiff herself raised the issue of *res judicata* and therefore is estopped from objecting that defendant failed to raise the issue. Plaintiff has placed the issue before the Court. *Res*

*judicata* precludes the readjudication of any claims that were brought in a previous action or that could have been brought. *People in Interest of G.K.H.*, 698 P.2d 1386 (Colo.App.1985). Because plaintiff could have brought all the claims she lists in her complaint, save for her defamation claim, she is barred from litigating them now.

The Court dismissed the defamation claim for other reasons, and entered a judgment of dismissal in favor of defendant.

## I.

■ On appeal, plaintiff contends the trial court erred in dismissing her action. She contends that *res judicata* is an affirmative defense and, since defendant failed to raise the doctrine in any pleading, it should have been estopped from invoking it. We disagree.

■ Under the doctrine of *res judicata*, a final judgment on the merits precludes the parties from re-litigating issues that were or could have been raised in that action. *City & County of Denver v. Consolidated Ditches Co.*, 807 P.2d 23 (Colo.1991).

■ *Res judicata* is an affirmative defense which ordinarily is considered to be waived if it is not appropriately raised. *See* C.R.C.P. 8(c); *Univex International, Inc. v. Orix Credit Alliance, Inc.*, 902 P.2d 877 (Colo.App. 1995), *aff'd*, 914 P.2d 1355 (Colo.1996).

■ However, C.R.C.P. 8(e) provides that no technical forms of pleading or motions are required. *See Cox v. Pearl Investment Co.*, 168 Colo. 67, 450 P.2d 60 (1969)(allowing affirmative defense to be pled in motion for summary judgment). Additionally, if argument raised by a party gives adequate notice of a defense on the basis of the effect of an earlier judgment, this is sufficient to avoid waiver. *In re Marriage of Wright*, 841 P.2d 358 (Colo.App. 1992); *see also Leonhart v. District Court*, 138 Colo. 1, 329 P.2d 781 (1958).

Here, as evidenced by her disclosure certificate, plaintiff intended to rely on the effect of the small claims court judgment. Seeking to estop defendant from contending that she

had been terminated for violating its personnel policies, plaintiff sought to introduce the small claims court pleadings and transcript and bolstered this by statements in her proposed findings of fact and conclusions of law.

Under these unique facts, we conclude that plaintiff has waived her procedural argument. The trial court correctly determined that plaintiff could not seek to benefit from the small claims court judgment and simultaneously to prohibit defendant from using it. *See Sneath v. Express Messenger Service,* 931 P.2d 565 (Colo.App.1996).

## II.

■ Plaintiff also contends the trial court erred in applying the doctrine of *res judicata* to the facts of this case. She asserts that, because she could not have obtained the full measure of relief in the county court action, she is entitled to bring this action in district court. We do not agree.

■ The defense of *res judicata* does not apply when the initial forum lacked the authority to award the full measure of relief sought in the later litigation. *In re Marriage of Wright, supra.*

Here, the jurisdiction of the small claims division of the Denver County Court, at the time of the trial here, was limited to entry of a judgment of up to $3,500. Colo. Sess. Laws 1990, ch. 100, § 13–6–403(1) at 849. Arguing that the amount of the judgment is a "measure of relief," plaintiff contends that the jurisdictional bar in county court is so small that she could not have obtained the appropriate relief in that forum.

■ We do not believe that a damage limitation equates to deprivation of a remedy or an inability of a party to obtain the "full measure of relief" contemplated by Restatement (Second) of Judgments § 26(1)(c)(1982). Rather, we conclude that where, as here, the county court clearly has jurisdiction over the issues raised, and where the claims made in county court arise out of the same incident, *i.e.,* termination of the employment relationship, the principles of *res judicata* apply and the judgment in the county court action precludes later litigation of the same issues that were or could have been brought.

In this regard, we find Restatement (Second) of Judgments § 24 comment g (1982) instructive:

> The rule stated in this Section as to splitting a claim is applicable although the first action is brought in a court which has no jurisdiction to give a judgment for more that a designated amount. When the plaintiff brings an action in such a court and recovers judgment for the maximum amount which the court can award, he is precluded from thereafter maintaining an action for the balance of his claim.... The plaintiff, having voluntarily brought his action in a court which can grant him only limited relief, cannot insist upon maintaining another action on the claim.

We note that other jurisdictions confronted with similar issues have reached the same conclusion. *See Orselet v. DeMatteo,* 206 Conn. 542, 539 A.2d 95 (1988)(barring district court action for injuries sustained in automobile accident based on small claims court's judgment awarding cost of repair of automobile); *Mells v. Billops,* 482 A.2d 759 (Del.Super.1984)(subsequent claim was precluded where motorcyclist brought action for property damage in justice of peace court and later brought civil action in superior court for personal injuries, even though damages for personal injuries were outside the justice of the peace's jurisdiction); *Molovinsky v. Monterey Cooperative, Inc.,* 689 A.2d 531 (D.C.App.1996)(prior action in small claims court barred further action in civil actions branch based on doctrine of *res judicata* ); *Williams v. Christiansen,* 109 Idaho 393, 707 P.2d 504 (App.1985)(judgment entered in small claims department was *res judicata* to action brought in magistrate's division of district court based on plaintiff's ability to choose forum); *Bagley v. Hughes A. Bagley, Inc.,* 465 N.W.2d 551 (Iowa App.1990)(where small claims and district court actions both arise out of same transaction, small claims judgment precludes further litigation in district court despite monetary limit of small claims court's jurisdiction); *Egbert v. Curtis,* 695 S.W.2d 123 (Ky.App.1985)(*res judicata* applied to compulsory counterclaims which should have been brought in previous small

claims action); *Chedid v. Lee Street Realty, Inc.*, (Mass.App.Div. No. 9330, December 13, 1995)(1995WL762915)(subsequent civil claims previously raised in small claims court are subject to *res judicata;* however, present case presents claims arising from different transactions); *Doherty v. McMillen*, 805 S.W.2d 361 (Mo.App.1991)(holding that small claims court judgments have *res judicata* effect based on interpretation of legislative enactments); *Omara v. Polise*, 163 Misc.2d 989, 625 N.Y.S.2d 403 (Sup.1995)(prior small claims action barred claims in civil court arising in tenant/landlord dispute); *Phillips v. Phillips*, 46 N.C.App. 558, 265 S.E.2d 441 (1980)(consent judgment arising from court of limited jurisdiction has *res judicata* effect); *Sines v. Ball*, 182 W.Va. 719, 391 S.E.2d 632 (1990)(doctrine of *res judicata* is applicable to small claims judgments but not applicable to counterclaims which may be presumptively filed pursuant to state statute).

Further, we also note that jurisdictions which have limited the *res judicata* effect of small claims judgments do so based on express public policy pronouncements by such jurisdiction's legislature. *See Cold Springs Farm Development Inc. v. Ball*, 163 Vt. 466, 661 A.2d 89 (1995); *Webb v. Persyn*, 866 S.W.2d 106 (Tex.App.1993).

Accordingly, the judgment of dismissal is affirmed.

CRISWELL, J., concurs.

TURSI *, J., specially concurs.

Judge TURSI, specially concurring.

I agree that the judgment of the trial court should be affirmed, but I reach that conclusion on different grounds and therefore write separately.

I agree with the majority's holding that a judgment in the small claims court may preclude a later action filed in district court. *Res judicata* operates as a bar to a second action on the same claim as one litigated in a prior proceeding when there is a final judg-

ment, identity of subject matter, claims for relief, and parties to the action. *City & County of Denver v. Block 173 Associates*, 814 P.2d 824 (Colo.1991). *Res judicata* not only bars issues actually decided, but also issues that should have been raised in the first proceeding but were not. *Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1973). The doctrine is one of claim preclusion.

The purpose of the *res judicata* doctrine is to put an end to litigation between the same parties concerning the same controversy by ensuring the finality of a previous decision. *C.F. & I. Steel Corp. v. Charnes*, 637 P.2d 324 (Colo.1981).

Here, plaintiff chose to split her claims against defendant, rather than bring all related claims in a court of general jurisdiction. However, I am not persuaded that the record supports a holding that the defendant did in fact properly place the affirmative defense of *res judicata* before the district court.

As the record demonstrates, the plaintiff placed the prior adjudication into these proceedings for purpose of offensive collateral estoppel of certain issues by listing it as an exhibit. The defendant objected to its introduction into the record as a matter not properly before the court, stating that, if admitted, "it would affect how we approach the trial today." The court then questioned whether collateral estoppel was the applicable doctrine and asked for briefs on the question of *res judicata*. Defendant did not seek permission to amend and include the affirmative defense of *res judicata*.

Thus, as the plaintiff contends, and the defendant addresses, the dispositive issue before us is whether the district court had authority to raise and rule on the issue *sua sponte*. I would so hold.

In addressing the right of the courts *sua sponte* to raise the issue of *res judicata*, I find persuasive the holding in *McClain v. Apodaca*, 793 F.2d 1031, 1032 (9th Cir.1986):

The doctrine of *res judicata* ensures finality of decisions, conserves judicial resources, and protects litigants from multi-

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1995 Cum.Supp.).

ple law suits.... It is consistent with these principles to permit a court which has been apprised by the plaintiff of an earlier decision arising out of the same contract upon which the action before the court is based, to examine the *res judicata* effect of that prior judgment *sua sponte.*

I conclude it is within the inherent authority of courts to raise the issue of *res judicata sua sponte;* therefore, this court need not address defendant's failure timely to raise such defense.

In fact, had the trial court not done so, I would hold that this court, should in order to conserve judicial resources, so do. *See McClain v. Apodaca, supra. See also Super Valu Stores v. District,* 906 P.2d 72 (Colo.1995)(trial court has discretion to permit amendments to pleadings in proceedings subsequent to remand).

Hence, I agree that the judgment should be affirmed.