Jose S. ORTIZ, Plaintiff,

v.

COSTILLA COUNTY BOARD
OF COMMISSIONERS,
Defendant.

No. 97–WY–2315–CB.

United States District Court,
D. Colorado.

July 20, 1998.

Keith Cross, Cross, Bennett & Hessel, LLC, Colorado Springs, CO, for Plaintiff.

Josh A. Marks, Hall & Evans, Denver, CO, for Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BRIMMER, District Judge.

This matter having come before the Court upon Defendant's Motion for Summary Judgment, and the Court, having reviewed the materials on file, having heard oral argument, and being fully advised in the premises herein, hereby FINDS and ORDERS as follows:

### Background

Plaintiff Ortiz, the former Road Supervisor for Costilla County, was fired by the Defendant Board of Commissioners on May 24, 1996. Plaintiff then brought suit in Colorado small claims court seeking damages of $1,311 for unpaid overtime, vacation days, and sick days. The parties stipulated to a small claims court judgment of $396. Some eight months later, Plaintiff brought 42 U.S.C. § 1983 claims in this Court, alleging that his termination by Defendant violated his First and Fourteenth Amendment free speech rights. Plaintiff sought monetary relief for his economic and non-economic injuries, and under the heading of "Injunctive Relief" in his complaint, Plaintiff sought reinstatement. Defendant moved for summary judgment on the grounds that Plaintiff's claims in the instant case are barred by res judicata because of the judgment in the Colorado small claims court. The Court, finding no controlling precedent or statute on this narrow issue of Colorado law, certified the following question to the Colorado Supreme Court:

> Does a Colorado small claims court have the authority to provide equitable relief, in the form of reinstatement, in the context of a 42 U.S.C. § 1983 action?

The Colorado Supreme Court respectfully declined to answer the question, thus this Court will now proceed to determine this novel question of Colorado law.

### Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court emphasizes that it evaluates the record in the light most favorable to the non-movant, *see Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and that it neither weighs the evidence nor assesses credibility, *see Anderson,* 477 U.S. at 242, 106 S.Ct. 2505.

### Discussion

The parties agree that Colorado law determines the preclusive effect of the small claims court's judgment. The parties further agree that a final judgment exists and that there is identity of parties, claims, and subject matter, thus satisfying the elements for res judicata claim preclusion. *See, e.g., S.O.V. v. People, in Interest of M.C.,* 914 P.2d 355, 358 (Colo.1996) (stating that res judicata "operates as a bar to a second action on the same claim as one litigated in a prior proceeding when there is a final judgment, identity of subject matter, claims for relief, and parties to the action"). The sole dispute is whether the small claims court in the initial litigation possessed the authority to award the equitable relief of reinstatement sought in this subsequent litigation.[1] If it did not, res judicata does not bar Plaintiff's claims before this Court. *See, e.g., Denver v. Block 173 Associates,* 814 P.2d 824 (Colo.1991).

Having carefully reviewed and researched the matter, the Court has unearthed no Colorado caselaw that constitutes controlling precedent. The equity jurisdiction of the small claims court has rarely been discussed by the Colorado courts, and the few cases dealing with the preclusive effect of small claims court judgments are not on point because they deal with instances in which the relief that could be afforded by the small claims court was different in quantity, rather than different in kind, from the relief that could be afforded by the subsequent forum. *See, e.g., Vincent v. Clean Water Action Project,* 939 P.2d 469, 473 (Colo.App.1997) (applying res judicata where the small claims court that issued the original judgment did not possess the authority to award the full measure of monetary damages sought by plaintiff in the subsequent action, but did possess the authority to award the same type of relief). In the instant case, the question is whether the small claims court can afford the same kind of relief as this Court, not whether the small claims court's inability to afford the same quantity of relief precludes further litigation.

The statute setting forth the limitations upon the jurisdiction of the small claims court states, in somewhat contradictory fashion, that while "the small claims court shall have concurrent original jurisdiction with the county and district courts," C.R.S. § 13–6–403(1), it shall "have no jurisdiction except that specifically conferred upon it by law," C.R.S. § 13–6–403(2). While the first statement would seem to imply that a small claims court could hear a § 1983 action just as a Colorado district court can, the second statement undercuts the seemingly broad sweep of that first statement. Further, the statute provides that the small claims court shall have no jurisdiction over "[a]ctions involving injunctive relief," or "[a]ctions for replevin," or "[a]ctions for specific performance," except in certain narrowly defined circumstances. C.R.S. § 13–6–403(2)(d),(e),(h).

1. It is clear that under *Vincent v. Clean Water Action Project,* Plaintiff's claims for monetary relief are barred by the judgment issued by the small claims court. *See* 939 P.2d 469, 473 (Colo.App.1997) (holding that subsequent claims for monetary damages are barred by a small claims court judgment, despite the fact that the amount of damages that can be awarded by the small claims court is limited). Plaintiff appeared to concede this issue at the hearing on Defendant's Motion.

Thus, while there is no general limitation upon the small claims court's jurisdiction over other equitable claims, it would appear from the tenor of the statute that a small claims court's equitable jurisdiction, if it exists at all, is severely limited. However, the statute itself does not definitively answer the question of law at issue.[2]

The Court is left with a judgment call, albeit one that the Court believes is easy to make. The proposition that Colorado small claims courts may hear § 1983 actions seems contrary to common sense and the general tenor of the statute setting forth the limitations upon the jurisdiction of those courts. Further, the Court believes that § 1983 claims should be litigated by parties with counsel, but parties in Colorado small claims court cannot be represented by counsel, and instead must represent themselves. *See* C.R.S. 13–6–407(2) (providing generally that "no attorney ... shall appear or take any part in the filing or prosecution or defense of any matter in the small claims court"). The liability of a municipality or of a county board of commissioners under § 1983 should not turn on the performance of an advocate whose sole qualification is that he or she is a full-time employee of the organization being sued. Finally, the Court's narrow holding that subsequent § 1983 claims for equitable relief in federal court are not barred by small claims court actions for monetary damages in Colorado should not in any way deprive the Colorado small claims courts of any general equitable jurisdiction they currently possess.

Therefore it is ORDERED that Defendant's Motion for Summary Judgment is DENIED as to Plaintiff's equitable claims, and is GRANTED as to Plaintiff's claims for monetary damages.

2. While Plaintiff's plea for reinstatement was placed under the heading of "Injunctive Relief" (which is clearly outside the jurisdiction of the small claims courts), the Court agrees with Plaintiff that despite this heading, the remedy of reinstatement is in fact equitable relief, rather than injunctive relief, and as such, is not specifically addressed by the statute.