# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-01774-SCT

*JON ADAMS*

*v.*

*A & C ENTERTAINMENT*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/05/2007 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PAUL E. ROGERS |
| ATTORNEY FOR APPELLEE: | CHRIS N. K. GANNER |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | REVERSED AND REMANDED - 04/16/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., DICKINSON AND KITCHENS, JJ.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Jon Adams seeks review of the circuit court's dismissal of his appeal from county court.  We reverse and remand to the Hinds County Circuit Court.

## PROCEDURAL HISTORY

¶2.     Jon Adams leased a building to A & C Entertainment Corporation.  Believing A & C to be in default, Adams sought to evict A & C and recover possession of the building through a complaint for unlawful entry and detainer.  Following trial, the county court ordered Adams to continue leasing the building to A & C subject to a variety of conditions not at issue here.

¶3.    Adams filed a timely notice of appeal with the Circuit Court of the First Judicial District of Hinds County, and the parties filed briefs with the court. A & C filed a "Motion to Strike Brief of Defendant/Appellant, Jon Adams and Dismiss Appeal," to which Adams filed a response. On January 17, 2007, the circuit court granted A & C's motion and dismissed Adams's appeal for failure to cite authority, in violation of Mississippi Rule of Appellate Procedure 28(a)(6). The order stated:

> Appellant's Brief does not cite any authority to support his argument. Rule 28(a)(6) M.R.A.P. requires that "[t]he argument shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to authorities, statutes, and parts of the record relied on." Accordingly, Appellant's Brief is procedurally barred. *See Sandlin v. Sandlin*, 906 So. 2d 39 (Miss. Ct. App. 2004).

¶4.    Adams filed a motion for reconsideration on or about January 29, 2007. The caption of Adams's motion for reconsideration correctly identified the parties, was appropriately designated as a motion for reconsideration, and was filed in the Hinds County Circuit Clerk's office. However, Adams used the county court name and file number, rather than the circuit court name and file number.[1]

¶5.    A & C filed a response to Adams's motion for reconsideration on April 13, 2007. A & C's response did not object to the motion for reconsideration on the basis that the caption incorrectly identified the court as "county court" and used the file number from county court.

---

[1] Mississippi Rule of Appellate Procedure 32(b) provides that "[a] motion or other paper . . . shall contain a caption setting forth the name of the court, the style (title) of the case, the tracking or docket number, and a brief descriptive title indicating the purpose of the paper." Miss. R. App. P. 32(b).

On July 5, 2007, the circuit court denied Adams's motion for reconsideration. The order stated, in part, that "the Court finds that said motion was not filed in this Court, but was erroneously filed in the County Court; therefore, the motion was not timely filed in accordance with Miss. R. App. P. 27(h), as amended, and should be DENIED."

¶6.    Thereafter, on July 16, 2007, Adams filed a notice of appeal. On appeal, Adams requests that this Court remand this case to the circuit court for a decision on the merits of his appeal from county court. Alternatively, Adams requests that this Court reverse and render the decision of the county court.

## DISCUSSION

¶7.    The sole issue for consideration is whether the circuit court improperly dismissed Adams's appeal.

*Timely filing the motion for reconsideration*

¶8.    Before reviewing the merits of the circuit court's dismissal of Adams's appeal from county court, we first review the circuit court's denial of Adams's motion for reconsideration as being untimely.

¶9.    The motion for reconsideration was timely filed on January 29, 2007, within fourteen days of the circuit court's dismissal of Adams's appeal on January 17, 2007. *See* Miss. R. App. P. 27(h) ("motions for reconsideration of rulings on motions . . . may be filed within 14 days after a decision is handed down on the motion to be reconsidered . . . .").[2]

---

[2]    The Rules of Appellate Procedure apply to appeals from county court to circuit court. *See **Van Meter v. Alford***, 774 So. 2d 430, 432 (Miss. 2000).

3

¶10. We are unable to find any authority, at least by rule or precedent, for the circuit court's ruling that filing a motion for reconsideration using the county court caption renders the motion "not filed."[3] Here, the motion for reconsideration was filed with the Hinds County Circuit Clerk and satisfied the rules applicable to the filing of motions.[4]

¶11. While there is no case directly on point in Mississippi, we find some analogous cases from other jurisdictions which support Adams's position. *See, e.g., **Kaster v. Heinrich***, 489 N.E.2d 152, 155 (Ind. Ct. App. 1986) (motion that was incorrectly numbered was considered filed when presented to and received by the clerk of the court); ***Phillips v. Phillips***, 265 S.E.2d 441, 443 (N.C. Ct. App. 1980) (defendant demonstrated no prejudice arising from motion filed containing incorrect cause number when, at the time the motion was served, there was only one case pending between plaintiff and defendant, and the contents of the motion clearly indicated that the motion was directed to the subject case); ***Eagle Props. v.***

---

[3] The procedure for appeals from county court to circuit court is controlled by the Mississippi Rules of Civil Procedure, the Uniform Rules of Circuit and County Court Practice, and the Mississippi Rules of Appellate Procedure. ***American Investors, Inc. v. King***, 733 So. 2d 830, 832 (Miss. 1999).

[4] In reviewing the applicable rules with respect to the requirements for filing motions, we find a rule requiring that all papers shall be filed with the clerk of the Supreme Court (here, the clerk of the circuit court) and that copies of all papers be served on the other party. Miss. R. App. P. 25. In addition, "motion[s] shall contain or be accompanied by any matter required by a specific provision of these rules governing such a motion, shall state with particularity the grounds on which it is based, and shall set forth the order or relief sought." Miss. R. App. P. 27(a). The attorney presenting the motion must include his/her name, office address, and phone number. Unif. Cir. & Cty. R. 1.05. Motions must include a certificate of service and be served pursuant to Mississippi Rule of Civil Procedure 5. Unif. Cir. & Cty. R. 2.06. Finally, original motions "shall be filed with the clerk of the county where the action is docketed." Unif. Cir. & Cty. R. 4.03. Adams complied with all of these rules.

4

***Tex. Commerce Bank Nat'l Ass'n***, 2005 Tex. App. LEXIS 7158 at *4 (Tex. App. 2005) (despite the fact that the cause number at the top of appellee's answer was incorrect, the title clearly identified the document as "Defendant's Original Answer to Plaintiff's Second Original Petition for Bill of Review," and appellant should have known that the incorrect cause number was simply a clerical error).

¶12.   We find that Adams's motion for reconsideration was filed timely and was thus before the circuit court.

*Dismissal of appeal from county court for failure to cite authorities*

¶13.   Having found Adams's motion for reconsideration timely, we find that the circuit court erred in dismissing Adams's appeal on the basis that Adams had failed to cite any authority in support of his argument.  Pursuant to our rules of appellate procedure, Adams was entitled to notice of the deficiencies in his brief and fourteen days from that notice to correct the deficiencies.  Miss. R. App. P. 2(a)(2).  This precise issue has been addressed by this Court.  *See **Van Meter***, 774 So. 2d at 432 ("Rule 2(a)(2) mandates that, after a motion to dismiss has been filed, the court clerk (the circuit clerk in this instance) officially notify an appellant of deficiencies in his appeal and that the appellant be given fourteen (14) days therefrom to correct any deficiencies."); *see also **American Investors***, 733 So. 2d at 832 (the circuit court erred in dismissing appeal from county court without prior notice of, and an opportunity to cure, deficiency).

**CONCLUSION**

5

¶14.   The judgment of the Circuit Court of the First Judicial District of Hinds County is reversed, and this case is remanded to that court for further proceedings consistent with this opinion after it first issues a Mississippi Rule of Appellate Procedure 2(a)(2) notice to Adams, giving him specific notice of the deficiencies of his appeal and allowing him fourteen days from the date of the notice to cure said deficiencies.[5]

¶15.   **REVERSED AND REMANDED.**

**CARLSON, P.J., DICKINSON, RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. GRAVES, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

---

[5]   In light of the disposition of this case, we deny A & C's "Motion to Dismiss Appeal by Appellant, Jon Adams, as Being Out-of-Time," as well as A & C's "Motion to Strike Brief of Defendant/Appellant, Jon Adams and Dismiss Appeal."