OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is reversed, without costs, the branch of defendant’s motion seeking to dismiss the complaint pursuant to CPLR 3211 (a) (5) is denied, and the matter is remitted to the Civil Court for a determination of the undecided remaining branches of defendant’s motion seeking summary judgment dismissing the complaint or, in the alternative, to dismiss the complaint pursuant to CPLR 3211 (a) (7).
In May 2011, plaintiff commenced this action against defendant, her former attorney, alleging in her complaint, as a first cause of action for “Breach of Agreement/Malpractice/failed to perform,” that defendant had represented her in connection with the preparation and negotiation of a commercial lease with a prospective tenant who, due to defendant’s alleged neglect and failure to timely perform, ultimately did not enter into the lease. She asserted, as a second cause of action for “Fraud/false claims, abuse of process, and harassment,” that defendant had commenced a baseless small claims action against her to collect his legal fees arising out of that transaction.
*28 Prior to the commencement of this action, defendant had commenced a small claims action against plaintiff to recover unpaid attorney’s fees for his preparation and negotiation of the commercial lease. After a nonjury trial, judgment was entered in that small claims action on June 16, 2011, awarding George Stavropoulos against Stamatiki Tsafatinos the principal sum of $350 for his legal services, the appeal of which judgment is decided herewith (see Stavropoulos v Tsafatinos, 41 Misc 3d 138[A], 2013 NY Slip Op 51918[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
In his verified answer in this action, defendant generally denied the allegations of the complaint and asserted several affirmative defenses, including the defense of res judicata.
Thereafter, defendant moved for, among other things, summary judgment dismissing the complaint or, in the alternative, dismissal of the complaint pursuant to CPLR 3211 (a) (5) or (7). Although the motion was unopposed, it was denied by order of the Civil Court (Nancy M. Bannon, J.) dated September 26, 2011, after defendant had failed to appear. Defendant then moved to, among other things, vacate the September 26, 2011 order and, upon such vacatur, for an order granting his prior motion to dismiss the complaint. Plaintiff opposed defendant’s motion. By order entered December 22, 2011, the Civil Court granted the branch of defendant’s motion seeking to vacate the September 26, 2011 order and, upon such vacatur, granted the branch of defendant’s motion seeking to dismiss the complaint on res judicata grounds, pursuant to CPLR 3211 (a) (5), without reaching the other branches of defendant’s motion. Plaintiff appeals, as limited by her brief, from so much of the order as granted the branch of defendant’s motion seeking to dismiss the complaint on res judicata grounds, pursuant to CPLR 3211 (a) (5).
CCA 1808 provides that a small claims judgment
“shall not be deemed an adjudication of any fact at issue or found therein in any other action or court; except that a subsequent judgment obtained in another action or court involving the same facts, issues and parties shall be reduced by the amount of a judgment awarded under this article.”
This provision divests the small claims judgment only of its “issue preclusion” use (see Koch v Consolidated Edison Co. of N.Y., 62 NY2d 548, 556 [1984]; see also Gerstman v Fountain Terrace Owners Corp., 31 Misc 3d 148[A], 2011 NY Slip Op 50988[U] *29 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Omara v Polise, 163 Misc 2d 989 [App Term, 2d Dept, 2d & 11th Jud Dists 1995]). Thus, although defendant’s legal services, which are at issue in the instant case, were also at issue in the small claims action, which resulted in a judgment awarding defendant legal fees for the work he performed, the small claims judgment was not, except for the amount awarded, “an adjudication of any fact at issue or found therein,” i.e., it has no “issue preclusion” effect and, therefore, does not bar independent adjudication of the issues raised by plaintiff in the instant complaint. Consequently, it was error for the Civil Court to dismiss the instant action, pursuant to CPLR 3211 (a) (5), on res judicata grounds based upon the judgment in the small claims action.
We note that plaintiff herein had initially interposed a counterclaim in the small claims action but withdrew her counterclaim during the course of the small claims action because she had commenced this action in the Civil Court. As a counterclaim is not permitted in a small claims action “unless the court would have had monetary jurisdiction over the counterclaim if it had been filed as a small claim” (CCA 1805 [c]), plaintiff could not interpose her counterclaim for an amount in excess of the monetary jurisdictional limit of the small-claims court in that court; thus, she cannot be deemed barred from litigating her counterclaim in the Civil Court.
Defendant’s motion in the instant action sought, alternatively, summary judgment or dismissal of the complaint on the merits or to dismiss the complaint pursuant to CPLR 3211 (a) (7). As the Civil Court, in its order, did not decide those branches of defendant’s motion, the matter must be remitted to the Civil Court for a determination thereof.
While plaintiff has raised, for the first time upon appeal, the issue of possible bias on the part of the Civil Court, the claim concerns matters which are dehors the record and will not be considered (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the order, insofar as appealed from, is reversed, the branch of defendant’s motion seeking to dismiss the complaint pursuant to CPLR 3211 (a) (5) is denied, and the matter is remitted to the Civil Court for a determination of the undecided remaining branches of defendant’s motion seeking summary judgment dismissing the complaint or, in the alternative, to dismiss the complaint pursuant to CPLR 3211 (a) (7).
Pesce, PJ., Aliotta and Solomon, JJ., concur.