HENRY W. SCHAUPP, Respondent, v. JOHN M. TURNER, Appellant.

Third Department, June 30, 1919.

Husband and wife — right of husband to recover for injuries to wife — right of husband, where wife injured, limited to recovery of expenses and loss of services — necessity of proving expenses and value of services.

A husband cannot recover for injuries received by his wife by being bitten by a dog; his only right is to recover the expenses which he was put to and the value of his wife's services during her sickness.

In an action by a husband to recover the value of his wife's services and the expenses he was put to by reason of her being bitten by a vicious dog, it is incumbent on him to prove the damage he has suffered, and without such proof he cannot recover.

JOHN M. KELLOGG, P. J., and LYON, J., dissented, with opinion.

APPEAL by the defendant, John M. Turner, from a judgment of the County Court of Albany county in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 21st day of August, 1917, affirming a judgment of the City Court of Albany, and also an appeal is taken from an order entered in said clerk's office denying defendant's motion for a new trial made upon the minutes.

*Parsons & McClung* [*Benjamin McClung* of counsel], for the appellant.

*Walter E. Ward*, for the respondent.

WOODWARD, J.:

This action was brought in the City Court of Albany, and the judgment of that court has been affirmed in the County Court. The complaint alleged that the defendant owned and kept a vicious dog, knowing the same to be vicious " and accustomed to attack and bite other dogs and mankind; " that he permitted the dog to be at large without proper restraint, and that on the 14th day of August, 1915, " the said dog, while in the keeping of the defendant, unlawfully, wrong-

fully, and without provocation, entered upon plaintiff's premises, at 830 Madison avenue, Albany, N. Y., and attacked, bit and killed plaintiff's dog;" that the said dog at the same time bit plaintiff's wife and daughter; that plaintiff was obliged to spend large sums of money for physicians' expenses and for medical services in treating and caring for his wife, daughter and dog and the burial of said dog; that the plaintiff's wife and daughter aforesaid were rendered sick and incapacitated, by reason of said bites of defendant's dog, from attending to their daily duties and from serving plaintiff in their usual capacity, in all to plaintiff's damage of $150. This complaint was supplemented by a bill of particulars, but upon the trial it developed that the plaintiff had no property right in the dog, the daughter was above twenty-one years of age, and no evidence was given as to the alleged services of a veterinary or of a physician, so that the only question, aside from the alleged viciousness of the dog, came down to the loss of the services of the wife, and upon this question it is conceded that there is no evidence as to the value of such services. The jury found a verdict in favor of the plaintiff for $50, and the judgment has been affirmed in the County Court.

If the plaintiff's wife had brought the action the mere fact that she was bitten by a vicious dog, under circumstances entailing liability, would have justified the recovery, no doubt. But here the husband brings the action. He cannot recover for her injuries; his only right in this action is to recover the expense which he was put to, and for the value of his wife's services. The respondent, in his third point, details the injuries to the wife, and adds: " There is no evidence to show the commercial value of those services." How, then, could the jury have found that the plaintiff was damaged in the sum of fifty dollars. Obviously the jury sought to compensate the wife for her injuries, which appear to have been comparatively slight, but the wife was not the plaintiff. She may have been entitled to compensation, but a judgment in favor of the husband is not a bar to her action, and we know of no rule permitting the husband to recover the damages peculiar to himself in a case of this character without evidence showing the damage resulting to him. What his wife suffered

is not in issue here and the judgment is not in accord with the pleadings and the proofs, and is, therefore, without justification.

The judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred, except John M. Kellogg, P. J., dissenting, with an opinion in which Lyon, J., concurred.

John M. Kellogg, P. J. (dissenting):

The plaintiff was entitled, under the complaint, the proof and the charge, to such damages only as he had sustained by the loss of his wife's services and the loss of her society and companionship. Her services as housekeeper had a commercial value which could be proved. No witness can testify as to the money value of the society and comfort of a wife to a husband. Nevertheless if the plaintiff, by the wrongful act of another, has been deprived of such society and comfort, he is entitled to recover his damages therefor, and the jury, as men of practical common sense, are to assess the damages upon the facts shown. As a result of the injury the wife had a nervous breakdown, was unable to perform her ordinary domestic services, was in bed for days and was under a nervous excitement and strain for weeks.

Apparently plaintiff's dog was not licensed, and for that reason no damage was allowed on account of its death. The fact still remains that the dog was under the care of a veterinary for days and the plaintiff incurred a bill of twenty dollars for its treatment and burial. Common humanity required such services and, without regard to the question whether the dog has at law a value, the defendant's negligence necessarily caused the plaintiff to incur that expense. The verdict is not unreasonable and should be sustained. I favor an affirmance.

Lyon, J., concurred.

Judgment and order reversed and new trial granted, with costs to the appellant to abide the event.