VIOLET SIGNORILE, Individually and as Administratrix of the Estate of JOSEPH SIGNORILE, Deceased, Plaintiff, *v.* JAMES SULLIVAN et al., Defendants.

Supreme Court, Special Term, Kings County, October 18, 1966.

*Ralph J. Bailey* for plaintiffs. *Edward F. Sweeney* for James Sullivan, defendant.

VINCENT D. DAMIANI, J. In this negligence action pertaining to an accident which occurred in the State of Delaware on November 24, 1957, the defendant Sullivan, the operator of the second vehicle involved in the collision, moves for judgment dismissing

the complaint pursuant to CPLR 3211 (subd. [a], par. 5) on the ground that the causes pleaded are barred (1) by the Statute of Limitations and (2) by *res judicata*. The action of the plaintiff wife seeks recovery for injuries sustained while a passenger in the motor vehicle owned and operated by the plaintiff husband. The husband sues for loss of services and for property damage to his automobile.

A prior action which was instituted in the Superior Court of the State of Delaware by the plaintiff wife in November, 1958, for the same cause against the same defendants named herein, in which a pretrial conference and discovery proceedings were had and the deposition before trial of the defendant Sullivan was taken on January 14, 1961, was dismissed on March 8, 1963 on motion by said defendants upon notice to the plaintiff wife and her present New York attorney, pursuant to subdivision (b) of rule 41 of the Rules of the Superior Court (Civil) of the State of Delaware for plaintiff's failure to prosecute (13 Delaware Code Ann., p. 375). That statutory rule provides that the effect of an involuntary dismissal, other than a dismissal for lack of jurisdiction or for improper venue, "unless the court in its order for dismissal otherwise specifies, * * * operates as an adjudication upon the merits."

It is not disputed that the order of dismissal fails to specify that the dismissal was not to be deemed a dismissal on the merits.

It is the defendant's contention on this motion that the foregoing dismissal order has the force and effect of an adjudication upon the merits and bars the maintenance of the present action for the same relief (*Mas* v. *Coca Cola Co.*, 198 F. 2d 380, 381; *Kern* v. *Hettinger*, 303 F. 2d 333, 339, 340, where the court applied the identical subdivision (b) of rule 41 of the Federal Rules of Civil Procedure).

The foregoing Delaware statute, patterned after subdivision (b) of rule 41 of the Federal Rules of Civil Procedure, constitutes an abrogation or modification of " the common law rule under which a judgment dismissing an action for lack of prosecution does not operate as res judicata " (Ann. 54 ALR 2d 506; Ann. 54 ALR 2d 473, Supplement; 50 C. J. S., Judgments, § 707, p. 166).

Despite the absence of a " trial on the merits," a dismissal under similarly patterned statutes adopted by other States has likewise been construed as a termination of the dismissed action on the merits (*Stephenson* v. *Boswell*, 319 S. W. 2d 457 [Ky.]; *Credit Ind. Corp.* v. *Miller,* 255 Iowa 1022, 1027), in order to accord significance to the legislative declaration of policy

embraced in the rule barring a second action (*Dubin* v. *Harrell,* 79 Nev. 467, 470).

The various arguments presented by the attorney for the plaintiffs in opposition to the motion are either unsubstantiated as a matter of fact or law or are not applicable to the situation here presented.

The fact that the plaintiff wife may have been or still may be entitled to relief by application in the prior action does not provide sufficient justification to ignore the dismissal order of the Delaware court even though it results in barring plaintiff from relief by another action (see *Schultz* v. *Kobus,* 15 A D 2d 382). It is the court's opinion that the plaintiff wife is barred by the dismissal order of that court from maintaining this action (see Ann. 54 ALR 2d 473, 479–480). There being a lack of privity between husband and wife, the husband's derivative cause of action is not barred by the dismissal of the wife's action (50 C. J. S., Judgments, § 798, p. 345; see *Schaupp* v. *Turner,* 188 App. Div. 338, 339).

Concededly, the defendant was absent from the State of New York for an extended period of time after the accrual of the above actions. It is the court's opinion that it has not been sufficiently demonstrated that the Statute of Limitations is properly applicable as a bar, under the circumstances (see *Matter of Morris,* 45 Misc 2d 393, 395; Prashker, New York Practice [3d ed.], p. 72).

Motion is granted dismissing the wife's cause of action but denied as to the husband's causes for loss of services and property damage. Settle order providing for a severance of actions.