Willie **MELLS**, Jr., Plaintiff,

v.

Evelyn **BILLOPS**, Defendant.

Superior Court of Delaware,
In and for New Castle County.

Submitted: Jan. 24, 1984.
Decided: July 6, 1984.

Lee C. Goldstein, of Balick & Yucht, Wilmington, for plaintiff.

Paul H. Spiller, of Kimmel & Spiller, P.A., Wilmington, for defendant.

O'HARA, Judge.

Defendant, Evelyn Billops, has filed a motion for summary judgment relying upon the doctrine of *res judicata.* For reasons hereafter enunciated, the Court agrees that defendant's motion should be granted.

For purposes of this motion, the following facts are undisputed:

On May 29, 1982, an automobile accident occurred at the intersection of 30th & Spruce Streets, Wilmington, Delaware. On August 17, 1982, plaintiff, in the Justice of the Peace Court, brought a claim for property damage to his motorcycle, resulting from the accident and alleging the identical facts and circumstances relied upon in the complaint filed in this action. After trial, the Justice of the Peace Court entered a judgment for property damage, dated August 17, 1982, in the amount of $103.60, plus court costs of $16.00. Subsequently, plaintiff filed this action seeking damages for personal injuries.

In *Epstein v. Chatham Park, Inc.,* Del.Super., 153 A.2d 180 (1959), the Court discussed the doctrine of *res judicata:*

> The doctrine of *res judicata,* briefly stated, is that a final judgment upon the merits rendered by a court of competent jurisdiction may, in the absence of fraud or collusion, be raised as an absolute bar to the maintenance of a second suit in a different court upon the same matter by the same party, or his privies.

The doctrine is judicially-created and is based on public policy requiring a definite end to litigation. It permits a litigant to press his claims but once, and requires him to be bound by the determination of the forum he has chosen, so that he may have one day in court but not two. *Malone Freight Lines, Inc. v. Johnson Motor Lines, Inc.,* Del.Supr., 148 A.2d 770 (1959); *Maldonado v. Flynn,* Del.Ch., 417 A.2d 378 (1980).

The rule against claim splitting is an aspect of the doctrine of *res judicata.* The Court of Chancery has explained that it:

> ... is based on the belief that it is fairer to require a plaintiff to present in one action all of his theories of recovery relating to a transaction, and all of the evidence relating to those theories, than to permit him to prosecute overlapping or repetitive actions in different courts or at different times. Thus, where a plaintiff has had a "full, free and untrammelled opportunity to present his facts," but has neglected to present some of them or has failed to assert claims which should in fairness have been asserted, he will ordinarily be precluded by the doctrine of *res judicata* from subsequently

pressing his omitted claim in a subsequent action. . . .

The rule against claim splitting cannot, however, entirely deny a plaintiff an opportunity to present his facts and theory of recovery. Therefore, where it appears that a plaintiff could not for jurisdictional reasons have presented his claim in its entirety in a prior adjudication, the rule against claim splitting will not be applied to bar this claim. . . . The question of his claim is therefore dependent on whether he was able to present it, in its entirety, in the prior forum; which must be determined from an examination of the jurisdiction of the prior forum. *Maldonado v. Flynn*, supra.

In the case *sub judice*, plaintiff brought an action in trespass in Justice of the Peace Court to recover for damage to his vehicle, while carrying on negotiations with defendant's liability carrier concerning plaintiff's personal injury claim. Justices of the Peace have jurisdiction over actions of trespass involving damages which do not exceed $1,500.00. 10 *Del.C.* § 9303. This limited jurisdiction does not include claims involving personal injuries. Thus, there is no question that plaintiff could not have presented his claim in its entirety in the prior adjudication, due to the limited jurisdiction of the Justice of the Peace Court.

The fact remains, however, that plaintiff was not compelled to bring part of his claim in the Justice of the Peace Court. Rather, he voluntarily chose a court of limited jurisdiction when he could have presented all his claims, property damage and personal injury, had he brought the original action in this Court. Comment (g) to Restatement, Second, Judgments § 24 indicates that the rule which precludes claim splitting applies when the first action is brought in a court which has jurisdiction to redress a certain invasion, but not another, and the action goes to judgment on the merits. Indeed, illustration 14 of Comment (g) outlines the identical facts of the case *sub judice*, with the result that the injured driver could not maintain an action for personal injury after having obtained a judgment for property damage in a court which had no jurisdiction in actions for personal injury.

This rule has been recognized and followed by sister courts in other jurisdictions. For example, in *City of Los Angeles v. Superior Court, etc.*, Cal.App., 85 Cal. App.3d 143, 149 Cal.Rptr. 320 (1978), the Court held that "a litigant cannot avoid the impact of the rule against splitting causes of action by choosing for his first foray a tribunal of limited jurisdiction." Similarly, the Court in *McKibben v. Zamora*, Fl.App., 358 So.2d 866 (1978), held:

It is the established law of this state that where a single wrongful or negligent act causes both personal injury and property damage a single cause of action arises which must be claimed or recovered in a single lawsuit or not at all. The law does not permit the plaintiff to split his cause of action by dividing his property and personal injury claims arising from a single tort incident into two lawsuits.

In the case at bar, plaintiff voluntarily chose to split his claim and obtained a judgment for property damage in the Justice of the Peace Court, which has no jurisdiction to address personal injury claims. This Court holds, therefore, that plaintiff is now precluded from bringing a claim for personal injuries which arose out of the same occurrence, based upon established principles of *res judicata*.

■ One final matter deserves attention. Plaintiff contends that the defendant is estopped from applying *res judicata* to bar this action. The Supreme Court, in *Wilson v. American Insurance Company*, Del. Supr., 209 A.2d 902 (1965) defined the doctrine of estoppel as follows:

An estoppel may arise when a party by his conduct intentionally or unintentionally leads another, in reliance upon that conduct, to change position to his detriment. . . . To establish an estoppel, it must appear that the party claiming the estoppel lacked knowledge and the means of knowledge of the truth of the

facts in question, that he relied on the conduct of the party against whom the estoppel is claimed, and that he suffered a prejudicial change of position in consequence thereof.

In the case *sub judice* there is no evidence that defendant's agent led the plaintiff to *change* his position to his detriment. The affidavit of plaintiff's attorney indicates that plaintiff originally decided to bring his action in Justice of the Peace Court. His bringing the action in that court was not a change of position in reliance upon the conduct of defendant or defendant's agent.

Plaintiff places much weight on the following circumstances presented in his attorney's affidavit:

> I explained to Mr. Glantz [Field Claim Representative of State Farm Mutual Automobile Insurance Company] that my client was commencing action in Justices [sic] of the Peace Court No. 13 directly against State Farm[1] concerning property damage to his vehicle. Mr. Glantz responded that he would continue to treat me as the attorney concerning plaintiff's personal injury claim regardless of plaintiff's actions to be taken in Magistrate Court.... I feel that I was led to believe by Mr. Glantz that the Magistrate action for property damage would not prejudice my representation of plaintiff concerning his personal injury claim.

Quite simply, these facts do not constitute grounds for estoppel. A general statement by the agent that he would continue to recognize the plaintiff's attorney in this action cannot be construed as a waiver of a potential defense. Moreover, the assumption that plaintiff believed the defendant was acquiescing in allowing the property damage suit to precede the personal injury claim, without subjecting the latter to collateral attack, is not founded upon any misleading statements offered in proof by the plaintiff. The Court, therefore, holds, that, accepting plaintiff's affidavit as true and viewing the facts in a light most favorable to plaintiff, a claim of estoppel will not obtain.

For the above reasons, the defendant's motion for summary judgment is hereby granted.

IT IS SO ORDERED.

---

**1.** In fact, the action in Justice of the Peace Court was an action directly against Evelyn Billops, alone, by Willie Mells, Jr.—JP13–82–07–C3452.