IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CLINT JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. K21C-03-025 NEP |
| | ) | |
| CHELSEA JESTER, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted:  October 29, 2021
Decided:  January 10, 2022
Corrected:  January 11, 2022

## OPINION AND ORDER

*Upon Defendant's Motion for Summary Judgment*

### DENIED

Joseph D. Stanley, Esquire, Schwartz & Schwartz, Dover, Delaware, *Attorney for Plaintiff*.

Jeffrey A. Young, Esquire, Young & McNelis, Dover, Delaware, *Attorney for Defendant*.

**Primos, J.**

Before this Court is a motion for summary judgment filed by Chelsea Jester, the defendant in this matter. The motion is opposed by the plaintiff, Cliff Johnson. This matter is a personal injury action arising from an automobile accident. For the reasons that follow, the motion is **DENIED**.

## I.  FACTUAL AND PROCEDURAL HISTORY

In 2019, Paulette Pace (hereinafter "Pace") brought an action in the Justice of the Peace Court (hereinafter the "JP Court") against Chelsea Jester for property damage to Pace's recreational vehicle. The facts of the accident are summarized in the JP Court's "Factual Findings" as follows:

> On March 31, 2019 at approximately 5:45 am a rear-end collision occurred between the vehicle driven by [Pace's] husband Clint Johnson and Defendant Chelsea Jester.
> Mr. Johnson testified that he was driving **the recreational vehicle titled in [Pace's] name** and towing a trailer and a smoker/grill. **The trailer was titled in Mr. Johnson's name** . . . .
> Mr. Johnson testified that immediately before the collision, he heard a noise of a vehicle on a "rip-up" strip (rumble strip) which caused him to look at the rear view mirror and see a vehicle swerving immediately before that vehicle, driven by Defendant Jester, rear-ended his vehicle.
> He testified that after the collision, he spoke with Defendant Jester who told him that she lost control because a bag of "kitty litter" hit her windshield. He acknowledged seeing a bag of flour that had flown out of the window of his vehicle at some point resting on the rear of Defendant Chester's vehicle . . . .[1]

The JP Court ultimately held that "[a]s Defendant Jester is not at fault for this accident, she cannot be held responsible for any consequent damages to [Pace's] vehicle."[2]

---

[1] *Paulette Pace v. Chelsea Jester*, JP9-19-001731, at 1 (Del. J.P. Dec. 31, 2019) (emphasis supplied).
[2] *Id.* at 3.

In the action before this Court, Pace's husband, Clint Johnson (hereinafter "Plaintiff"), is bringing a personal injury claim against Chelsea Jester (hereinafter "Defendant") arising from the same accident. Plaintiff provided testimony for Pace in the matter before the JP Court. In the current action, Defendant filed a motion for judgment on the pleadings on August 3, 2021. Plaintiff filed a response in opposition on August 20, 2021. The Court heard oral argument on September 28, 2021.

In the motion for judgment on the pleadings, Defendant presented documents that were neither attached to, nor incorporated by reference into, the pleadings. Following oral argument, the Court exercised its discretion to consider these documents and, in so doing, treat the motion as one for summary judgment. Accordingly, by letter dated September 29, 2021, the parties were provided reasonable opportunity to present "all material made pertinent to such a motion by Rule 56"[3] and were asked to "confine such material to the issues of *res judicata* and collateral estoppel addressed in the motion."[4] The Court has received and reviewed the parties' supplemental submissions.

## II. PARTIES' CONTENTIONS

Defendant argues that there are two key factors that establish privity between Plaintiff and Pace in the JP Court action that are applicable to this case under *res judicata*, or in the alternative, collateral estoppel: first, that Pace and Plaintiff are husband and wife, and second, that they had "joint interests" in the property that was the subject of the JP Court trial and thus in the outcome of the trial.[5] Defendant provided this Court with the trial transcript from the JP Court, in which both Pace and Plaintiff discounted the legal distinction of title to, and

---

[3] Super. Ct. Civ. R. 12(c).
[4] Letter to Counsel re: Mt. for Sum. J. Submissions (D.I. 19).
[5] Def.'s Letter (Oct. 29, 2021) at 1 (D.I. 20).

ownership of, the recreational vehicle and the trailer that were involved in the accident.[6]

In response, Plaintiff argues that the only fact that goes towards privity is the relationship of husband and wife. Plaintiff was not a party to the original suit, and the vehicle that was the subject of that suit was owned by Pace. Thus, the privity requirement under both preclusion doctrines is not satisfied.

## III. STANDARD OF REVIEW

Generally, when reviewing a motion for summary judgment pursuant to Delaware Superior Court Civil Rule 56, the Court must determine whether any genuine issues of material fact exist.[7] If there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law, summary judgment is appropriate.[8] The moving party bears the initial burden of showing that there are no genuine issues of material fact; when such a showing is supported in the motion, the burden then shifts to the nonmoving party to show that there are material issues of fact in dispute.[9] Further, the Court must draw all factual inferences in a light most favorable to the non-moving party.[10]

## IV. DISCUSSION

The doctrines of collateral estoppel and *res judicata* are related. Collateral estoppel prevents a party from relitigating a factual issue previously litigated.[11] *Res judicata* forecloses the same parties or those in privity with them from

---

[6] Plaintiff stated, "We're husband and wife, so what [sic] hers is mine and what [sic] mine is hers." Trial Tr. of JP Court at 18. Pace stated, "We are a team, a partnership, and a marriage. And everything that belongs to me belongs to him vice versa." *Id.* at 39.

[7] Super. Ct. Civ. R. 56(c); *Wilmington Trust Co. v. Aetna*, 690 A.2d 914, 916 (Del. 1996).

[8] Super. Ct. Civ. R. 56(c); *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

[9] *Sizemore*, 405 A.2d at 681.

[10] *Alabi v. DHL Airways, Inc.,* 583 A.2d 1358, 1361 (Del. 1990); *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 100 (Del. 1992).

[11] *State v. Machin*, 642 A.2d 1235, 1238 (Del. Super. 1993).

bringing a suit subsequent to a previous suit based on the same cause of action.[12] In Delaware, collateral estoppel requires that "the party against whom the doctrine is invoked [must be] in privity with a party to the prior adjudication,"[13] and *res judicata* also requires that "the parties in the present action are either the same parties or in privity with the parties from the prior adjudication."[14]

Here, Defendant raises the issue of *res judicata*, and in the alternative Defendant wishes to collaterally estop Plaintiff from relitigating the issue of negligence or liability decided in the JP Court.[15] Consequently, in deciding the issue of privity in this matter, this Court determines whether the doctrines of *res judicata* and collateral estoppel apply. Hence, the Court's determination of privity between Plaintiff and Pace is dispositive of Defendant's motion.

Privity "does not require a direct contractual relationship,"[16] but rather is a "legal determination" made by the trial court "with regard to whether the relationship between the parties is sufficiently close to support

---

[12] *Id.*

[13] *Id.* at 1239. The following elements must be present in order for the doctrine of collateral estoppel to apply: "(1) The issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *Id.* (internal quotations and citations omitted).

[14] *Bailey v. City of Wilmington*, 766 A.2d 477, 481 (Del. 2001). The following elements must be present in order for the doctrine of *res judicata* to apply: "(1) the court making the prior adjudication had jurisdiction, (2) the parties in the present action are either the same parties or in privity with the parties from the prior adjudication, (3) the cause of action must be the same in both cases or the issues decided in the prior action must be the same as those raised in the present case, (4) the issues in the prior action must be decided adversely to the plaintiff's contentions in the instant case, and (5) the prior adjudication must be final." *Id.*

[15] Specifically, Defendant argues that the JP Court's determination that Defendant was not liable for damage to Pace's vehicle is preclusive in this suit.

[16] *Aveta Inc. v. Cavallieri*, 23 A.3d 157, 180 (Del. Ch. 2010).

5

preclusion."[17] Parties are in privity when "their interests are identical or closely aligned such that they were actively and adequately represented in the first suit."[18] "Haphazard use of the term 'privity' can lead to improper findings of preclusion" because "it often operates as a conclusion rather than an explanation" when determined in the context of non-specific legal relationships.[19] Therefore, even a close legal relationship, such as that between spouses, does not by itself justify imposing preclusion.[20]

At the outset, the Court notes that there are no material facts in dispute for purposes of summary judgment with respect to the preclusion issue. Plaintiff does argue that "[t]he fact that the vehicle involved in the JP Court property damage case [*i.e.*, the recreational vehicle] was not owned or titled by Plaintiff causes a genuine material dispute of fact that no privity existed for the purposes of the elements of collateral estoppel and res judicata [sic]."[21] The Court does not see this as a material issue of fact because 1) the JP Court acknowledged that the recreational vehicle was "titled in [Pace's] name" and referred to it as "[Pace's] recreational vehicle";[22] 2) the JP Court stated that the "trailer was titled in Mr. Johnson's name;"[23] 3) Plaintiff admitted in testimony that he was the "tag" holder of the trailer and the grill; [24] and 4) the JP Court stated that Pace was not entitled to recovery for any damage to the trailer or the grill because she did not own

---

[17] *Higgins v. Walls*, 901 A.2d 122, 138 (Del. Super. 2005) (quoting James Wm. Moore et al., Moore's Federal Practice § 132.04[1][b] (3d. ed. 2004)).

[18] *Aveta*, 23 A.3d at 180.

[19] *Kohls v. Kenetech Corp.*, 791 A.2d 763, 769 (Del. Ch. 2000), *aff'd,* 794 A.2d 1160 (Del. 2002) (quoting Restatement (Second) of Judgments § 62, cmt. c (1982)).

[20] *Id.*

[21] Pl.'s Letter (Oct. 29, 2021) at 1–2 (D.I. 21).

[22] *Pace*, JP9-19-001731, at 1, 2.

[23] *Id*. at 1.

[24] Trial Tr. of JP Ct. at 22 (affirming that the "smoker and trailer" was "tagged in [his] name").

them.[25]  In addition, as noted *supra*, a determination of privity is a legal question for this Court to decide.

The question before this Court is whether the legal relationship between spouses, paired with one spouse's testifying in court for the other, establishes privity.  The Delaware Court of Chancery has helpfully instructed that

> [t]he circumstances that persons have a close legal relationship with each other (such as husband and wife or owners of concurrent interests in property), or that one person helps another in litigation, by itself does not justify imposing preclusion on one of them on the basis of a judgment affecting the other.[26]

In addition, there is a long history of case law from other jurisdictions that does not support a finding of privity based merely on marital status,[27] even when

---

[25] *Pace*, JP9-19-001731, at 2 ("The Court finds that Plaintiff failed to establish that she was the title owner for the grill or trailer; consequently, she is not entitled to recovery for any damage to same.").  Of course, even if the facts regarding ownership of the vehicle were disputed, the Court would be required to construe them in a light most favorable to Plaintiff with regard to Defendant's motion.

[26] *In re Columbia Pipeline Grp., Inc.*, 2021 WL 772562, at \*20 (Del. Ch. Mar. 1, 2021) (quoting Restatement (Second) of Judgments § 62 cmt. c).

[27] *E.g., Hickman v. Sw. Dairy Suppliers, Inc.*, 230 N.W.2d 99, 105 (Neb. 1975) ("The general rule is that there is no legal privity between a husband and wife in such a sense that a judgment for or against the one will conclude [sic] the other, where the action concerns their separate property, rights, or interests not derived from each other."); *Stamp v. Franklin*, 39 N.E. 634, 634 (N.Y. 1895) ("Husband and wife are for most purposes distinct persons at law, and an adjudication in an action to which a wife is a party alone, without her husband, neither binds him in a subsequent action, to which he is a party, nor can he avail himself of the benefit of the adjudication on the ground merely that he was the husband."); *Wolff v. Du Puis*, 378 P.2d 707, 709 (Or. 1963) (finding that it is "well settled that the husband and wife are not necessarily in privity"); *Blair v. Bartelmay*, 502 N.E.2d 859, 862 (Ill. App. Ct. 1986) ("We do not find support . . . for the conclusion that the relationship of husband and wife alone creates privity between the parties."); *see also* 18A Charles A. Wright, et al. Fed. Prac. & Proc. Juris. § 4459 (3d ed. 2021) ("A close family relationship to a party ordinarily is not enough to bind a nonparty to a judgment. . . . A simple example can provide a framework for identifying the basic rules and some of the troubling variations. Father, mother, and two children are injured or killed in an automobile accident. An action for personal injuries may be brought and lost by any one of

7

grounded in the same act.[28] Case law from other jurisdictions also reflects that testifying for another party, even in cases where an individual is testifying for a spouse, does not amount to privity.[29] However, some states have found that joint ownership paired with legal marital status does equate to privity with regard to actions relating to jointly owned real estate.[30]

them. Later actions are then brought by the others for their own injuries, wrongful death, loss of consortium, or the like. Decisions reached in many such settings make it clear that the others are not bound by the first judgment simply because they are parent or child, grandparent or grandchild, husband or wife, or brother or sister of the original plaintiff. Each has an independent cause of action for personal injuries, free from claim preclusion, just as other multiple plaintiffs are presumed to own separate claims. None is bound by issue preclusion in an action for personal injuries, for the same reasons as apply to preclusion among unrelated nonparties." (citations omitted)).

[28] *E.g.*, *Gilman v. Gilman*, 115 Vt. 49, 51, 51 A.2d 46, 47 (1947) ("These cases, as well as a number of cases from other jurisdictions . . . show that there is no privity between husband and wife in such cases, and that a judgment in favor of the defendant in a suit by the one will not bar or estop the other from maintaining an action for injuries peculiar to himself, although the injuries in both cases are based upon the same wrongful act, nor is a judgment in favor of the one conclusive in a subsequent action by the other."); *Duffee v. Bos. Elevated Ry. Co.*, 177 N.E. 1036, 1037 (Mass. 1906) ("These are separate actions to recover damages which each [*i.e.*, a husband and a wife] suffered individually from the same wrong. . . . The defendant's liability for the damages in the two cases depends upon the same facts, but there is no privity between the plaintiffs. Each is enforcing an independent right.").

[29] *E.g.*, *Wendt v. Gen. Acc. Ins. Co.*, 895 S.W.2d 210, 213 (Mo. Ct. App. 1995) ("Neither of husband's claims should be barred as the result of his wife's failed suit. Husband, although he was a testifying witness at his wife's trial, was not a party to that proceeding. Nor was he in privity with her. Missouri has long ago eschewed the concept of privity founded solely upon marriage. Wives are not bound to judgments against their husbands, and *vice versa.* Nor can we infer privity between two people merely because they both have an interest in proving or disproving the same set of facts, share the same attorney, testify for each other, or sustain injuries in the same vehicle."); *Signorile v. Sullivan*, 274 N.Y.S.2d 639, 641 (N.Y. Sup. Ct. 1966) (finding husband's derivative action in personal injury suit not barred by dismissal of wife's prior action, in which husband had testified by deposition, due to lack of privity between husband and wife); *see also Harris as Tr. of Edith Heinemann Harris Tr. (U/A June 10, 2003) v. Mundel as Tr. of Aug. B. Mundel & Joan Webb Mundel Tr. (U/A Mar. 27, 1988)*, 859 F. App'x 65, 66 (9th Cir. 2021) (reversing a trial court's finding of privity even when the husband was "actively involved"—although not a party—in the prior suit).

[30] *E.g.*, *Kesler v. Fentress*, 286 S.E.2d 156, 157 (Va. 1982) ("[I]n the joint ownership of their land as husband and wife, Mr. and Mrs. Fentress stood in privity with one another . . . ."); *Deli*

The Delaware Supreme Court has not decided this matter, and more importantly, in this case the damaged recreational vehicle was not jointly owned. Moreover, the JP Court explicitly held that its ruling would only consider the property that was under Pace's legal title, *i.e.*, the recreational vehicle, and that Plaintiff's property damage could not be compensable, no matter the ruling.[31] Furthermore, Delaware is not a community property state, unlike California where community-property considerations are relevant.[32] Finally, concurrent or constructive ownership of the recreational vehicle is not present here regardless of Plaintiff's and Pace's personal ideas of ownership.

In short, privity is not present in this case based on the mere factors, considered separately or together, (1) that Plaintiff was legally married to Pace at the time of the JP Court trial, and (2) that Plaintiff testified during that trial.[33]

## V. CONCLUSION

For the reasons stated above, privity did not exist between Plaintiff and Pace in the original action brought in the JP Court. Privity is a required element in both *res judicata* and collateral estoppel. Without determining if the other

---

*v. Hasselmo*, 542 N.W.2d 649, 658 (Minn. Ct. App. 1996) (holding that although spouses are not in privity for *res judicata* purposes based solely on their marital status, when they jointly own real property they are in privity for causes of action related to that property).

[31] *See supra* note 25. In addition, the JP Court would not have had jurisdiction over Plaintiff's personal injury claims.

[32] *Mueller v. J. C. Penney Co.*, 219 Cal. Rptr. 272, 280 (Ct. App. 1985) ("Under California law, spouses are in privity with each other where the cause of action in the prior litigation was 'community in nature' and the 'proceeds of any judgment that might have been recovered . . . would have belonged to both husband and wife, as community property.'" (quoting *Zaragosa v. Craven*, 202 P.2d 73, 77 (Cal. 1940))).

[33] It would be difficult to imagine a scenario where Plaintiff would not have been called to testify to present facts for the JP Court case, for either side, since he had knowledge of the circumstances leading up to the accident and was the sole occupant of the vehicle that was damaged. *See Wendt*, 895 S.W.2d at 213 (finding that husband's testimony at wife's trial did not establish privity).

9

factors of each doctrine are present,[34] the Court concludes that Defendant's motion for summary judgment is **DENIED**.

       **IT IS SO ORDERED.**

_____
Judge

NEP/wjs
*Via File & ServeXpress*
oc: Prothonotary
cc: Counsel of Record

---

[34] A personal injury right and a property damage right are generally considered distinct claims when they involve separate individuals, even spouses. However, this Court has consistently stated that if the same individual has both a property claim and a personal injury claim arising from the same incident, filing the property claim in the JP Court, and then, after final judgment, filing a personal injury claim in Superior Court is disallowed under *res judicata* and would be considered "claim splitting." This proposition originated in *Mells v. Billops*, which reasoned that the bar was proper because "plaintiff was not compelled to bring part of his claim in the Justice of the Peace Court . . . [but] voluntarily chose a court of limited jurisdiction when he could have presented all his claims, property damage and personal injury, had he brought the original action in this Court." 482 A.2d 759, 761 (Del. Super. 1984). Because there is no privity here, the Court need not consider whether this case is analogous to *Mells* or one of its progenies, *Newark Shopping Ctr. Owner, LLC v. Pizza Univ. of Delaware, Inc.*, 2016 WL 3951719 (Del. Super. July 14, 2016), which was cited by Defendant on the *res judicata* ground.