# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TRICIA CLARENCE BOVELL, and )
RACONDO BOVELL, )
  )
  Plaintiffs, )
  )
  v. )    C.A. No. N22C-04-205 CEB
  )
SCARLETT O'HARA HARRISON, and )
HARRISON BROS. PAVING, LLC, )
  )
  Defendants. )

Submitted: March 27, 2023
Decided: June 20, 2023

## MEMORANDUM OPINION

*Upon Consideration of Defendants Scarlett O'Hara Harrison and Harrison Bros. Paving, LLC's Motion to Dismiss,*
**GRANTED in part and DENIED in part.**

David C. Malatesta, Jr., Esquire, SHELSBY & LEONI, Wilmington, Delaware. *Attorney for Plaintiffs.*

Steven F. Mones, Esquire, CASARINO CHRISTMAN SHALK RANSOM & DOSS, P.A., Wilmington, Delaware. *Attorney for Defendants*.

**BUTLER, R.J.**

The Complaint alleges that on August 3, 2020, while in the drive-thru line at a McDonald's, a vehicle driven by Defendant Scarlett O'Hara Harrison, and owned by Harrison Bros. Paving, LLC (collectively "Defendants"), collided with Plaintiff Tricia Bovell's ("Ms. Bovell") vehicle. Both Ms. Bovell and her son, Racondo (collectively "Plaintiffs"), allegedly sustained injuries. The Defendants now move to dismiss, arguing the Plaintiffs' claims are barred by the doctrine of *res judicata*.

## BACKGROUND

### A. JP Court Complaint and Motion to Dismiss

After the collision, the driver allegedly fled the scene, but Ms. Bovell was able to obtain the car's license plate number and report the incident to the police.[1] She then learned the identity of the car's owner and, somehow, the vehicle's insurer.[2] Ms. Bovell then undertook claims processing against the driver's insurance company.[3]

Unsatisfied with whatever progress she was making with the other driver's insurance company, Ms. Bovell, acting *pro se*, filed suit against the alleged driver, Scarlett O'Hara Harrison, in the Justice of the Peace Court ("JP Court").[4] Ms. Bovell represented that she was filing suit on behalf of herself and her son, and she

---

[1] Ex. A at .pdf p. 5 to Defs.' Mot. to Dismiss, D.I. 7 [hereinafter "JP Compl."].
[2] *Id.*
[3] *Id.*
[4] *Id.* at .pdf p. 1–6.

was pressing for compensation for both the property damage and personal injuries.[5]

Harrison, through counsel, responded with a motion to dismiss the claim in JP Court,[6] arguing that the JP Court did not have jurisdiction over Plaintiff's personal injury claim, citing 10 *Del. C.* § 9301.[7]  Harrison argued that JP Court can adjudicate a property damage claim for the damage to Ms. Bovell's car, but cannot adjudicate a personal injury claim, for either her or her son.[8]  So Harrison asked the JP Court to dismiss Ms. Bovell's claims for personal injuries.[9]

Ms. Bovell, still *pro se*, filed a response to Harrison's motion to dismiss.[10] Alas, it was completely non-responsive to Harrison's motion and asked instead for a directed verdict in Ms. Bovell's favor.[11]

## B. JP Court Trial

At the commencement of the trial in the JP Court, the Magistrate explained to Ms. Bovell that the Court had no jurisdiction over the personal injury claims.[12] The Magistrate queried whether Ms. Bovell would like to withdraw her property

---

[5] *Id.*
[6] Ex. F to Defs.' Mot. to Dismiss, D.I. 7 [hereinafter "JP Mot. to Dismiss"].
[7] The section defines the Justice of the Peace Court's civil jurisdiction over "Common-law actions in contract, express or implied, and common-law actions in tort for damage, destruction or taking of personal property (including replevin) for injury to real property, and for trespass on the land…"
[8] JP Mot. to Dismiss.
[9] *Id.*
[10] Ex. G. to Defs.' Mot to Dismiss, D.I. 7.
[11] *Id.*
[12] JP Ct. Tr. at 4:11–5:7.

2

damage claim in the JP Court and press both claims in a court of competent jurisdiction.[13] Ms. Bovell advised that she wished to go forward on the property damage case alone.[14]

When the trial began, the defense objected to Ms. Bovell's documentation of the repairs on her car, claiming she needed an expert witness.[15] Ms. Bovell then wondered if she might just withdraw the claim as previously suggested by the Magistrate.[16] The defense objected to withdrawing a claim after trial had commenced and the Court sustained the objection.[17] The property damage claim proceeded, resulting in a directed verdict for the defense due to the paucity of evidence of damage.[18]

## C. This Litigation

Following the rather dismal conclusion of the JP suit after representing herself, Ms. Bovell retained counsel. She and her son filed a complaint in the Superior Court, alleging personal injuries from the accident.[19] The Plaintiffs named as defendants both Harrison, the individual driver, and Harrison Bros

---

[13] *Id.* at 5:13–19.
[14] *Id.* at 6:1–8:1.
[15] *Id.* at 12:4–14:13.
[16] *Id.* at 16:1–10.
[17] *Id.* at 17:1–20:3.
[18] JP Ct. Tr. at 66:5–69:4.
[19] Compl., D.I. 1 [hereinafter "Compl."].

Paving, LLC., the owner of the vehicle, alleging liability under a theory of *respondeat superior*.

The Defendants now move to dismiss, arguing the Plaintiffs' claims are barred by *res judicata*. The Defendants argue that the Superior Court case *Mells v. Billops*[20], a 1984 decision on very similar facts, controls this matter.[21] The Plaintiffs seek to distinguish *Mells*[22] and argue, further, that even if Ms. Bovell's claim is dismissed, her son Racondo's cannot be dismissed as he was not a named plaintiff in the JP Court.[23] The Plaintiffs argue Racondo's claim, therefore, cannot be extinguished by the doctrine of *res judicata*.

## STANDARD OF REVIEW

A party may move to dismiss under Rule 12(b)(6) for failure to state a claim on which relief can be granted.[24] In considering a Rule 12(b)(6) motion, the Court (1) accepts as true all well-pleaded factual allegations in the complaint; (2) credits vague allegations if they give the opposing party notice of the claim; (3) draws all reasonable factual inferences in favor of the non-movant; and (4) denies dismissal if recovery on the claim is reasonably conceivable.[25] Dismissal is inappropriate

---

[20] 482 A.2d 759 (Del. Super. 1984).
[21] Defs.' Mot. to Dismiss ¶ 14, D.I. 7 [hereinafter "Defs.' Mot."].
[22] Letter from Pls., D.I. 15.
[23] Pls.' Resp. to Defs.' Mot. ¶¶ 10–11, D.I. 9.
[24] Super. Ct. Civ. R. 12(b)(6).
[25] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings LLC*, 27 A.3d 531, 535 (Del. 2011).

unless "under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[26]

Delaware's motion to dismiss standard is "minimal."[27] It asks "whether there is a possibility of recovery."[28] The Court, however, need not "accept conclusory allegations unsupported by specific facts or . . . draw unreasonable inferences in favor of the non-moving party."[29] The Court may reject "every strained interpretation of the allegations proposed by the plaintiff."[30]

"The complaint generally defines the universe of facts that the trial court may consider in ruling on a Rule 12(b)(6) motion . . . ."[31] The Court may consider matters outside the complaint only if "the document is integral to a plaintiff's claim and incorporated into the complaint[.]"[32] "[A] claim may be dismissed if

---

[26] *Unbound Partners Ltd. P'ship v. Invoy Holdings Inc.*, 251 A.3d 1016, 1023 (Del. Super. 2021) (internal quotation marks omitted).

[27] *Cent. Mortg.*, 27 A.3d at 536.

[28] *Garfield v. BlackRock Mortg. Ventures, LLC*, 2019 WL 7168004, at *7 (Del. Ch. Dec. 20, 2019) (citing *id.* at 537 n.13 ("Our governing 'conceivability' standard is more akin to 'possibility,' while the federal 'plausibility' standard falls somewhere beyond mere 'possibility' but short of 'probability.'")).

[29] *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011), *overruled on other grounds by Ramsey v. Ga. S. Univ. Advanced Dev. Ctr.*, 189 A.3d 1255, 1277 (Del. 2018).

[30] *Malpiede v. Townson*, 780 A.2d 1075, 1083 (Del. 2001).

[31] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006).

[32] *Windsor I, LLC v. CWCap. Asset Mgmt. LLC*, 238 A.3d 863, 873 (Del. 2020) (internal quotation marks omitted).

allegations in the complaint or in the exhibits incorporated into the complaint effectively negate the claim as a matter of law."[33]

## ANALYSIS

### A. Tricia Bovell's claim is barred by *res judicata*.

Plaintiff's foray into the JP Court over her property damage claim has created a major hurdle for her personal injury claim in this Court. A more intriguing question concerns her *pro se* status and the duty, if any, of a court to rescue her from her procedural error. Notwithstanding Ms. Bovell's arguments to the contrary, the Court finds that she impermissibly split her claims during the JP Court proceeding and is now barred from a personal injury claim in Superior Court.

#### 1. Ms. Bovell could have brought both her personal injury and property damage claim in Superior Court, but chose not to.

The Defendants argue that Ms. Bovell cannot bring her claim for personal injury in this Court because of the prior JP Court proceeding on property damage. The Defendants believe support for their position is found in *Mells v. Billops*.[34] There, the plaintiff brought an action in the JP Court to recover property damage resulting from an accident involving his motorcycle. He recovered approximately

---

[33] *Malpiede*, 780 A.2d at 1083.
[34] 462 A.2d 759 (Del. Super. 1984).

$100 in property damage in the JP Court and then sued in Superior Court for personal injuries.[35]

In the Superior Court, the defense raised the doctrine of "claim splitting," an "aspect of *res judicata*." According to the *Mells* Court, the principal of claim splitting:

> is based on the belief that it is fairer to require a plaintiff to present in one action all of his theories of recovery relating to a transaction, and all of the evidence relating to those theories, than to permit him to prosecute overlapping or repetitive actions in different courts or at different times.[36]

But what about a case where the property damage court did not have jurisdiction over the personal injury claim? How can one "claim split" when the court had no jurisdiction over part of the claim?

The *Mells* Court rejected this very argument, relying on Comment (g) to Restatement (Second) of Judgments § 24.[37] Comment (g) presents an illustration of prohibited claim splitting eerily like Ms. Bovell's case:

> In an automobile collision, A is injured and his car damaged as a result of the negligence of B. Instead of suing in a court of general jurisdiction of the state, A brings his action for the damage to his car in a justice's court, which has jurisdiction in actions for damage to property but has no jurisdiction in actions for injury to the person. Judgment is rendered for A for the damage to the car. A cannot

---

[35] *Id.* at 760.
[36] *Id.* (citing *Maldonado v. Flynn*, 417 A.2d 378 (Del. Ch. 1980)).
[37] *Id.* at 761.

7

thereafter maintain an action against B to recover for the injury to his person arising out of the same collision.[38]

The *Mells* decision dismissed the personal injury action in Superior Court because the plaintiff litigated his property damage claim in the JP Court despite the availability of a single forum for the resolution of both claims.[39]  The same is true here: Ms. Bovell could have brought both of her claims as an original action in this Court, but voluntarily chose not to.

### 2. The JP Court did not have a duty to rescue Ms. Bovell from procedural error.

In the face of the daunting precedent of *Mells*, Ms. Bovell argues she was not affirmatively advised that pressing her property damage claim in JP Court would constitute "claim splitting" and preclude her from bringing her personal injury case in Superior Court.  But Ms. Bovell is unable to point the Court to any precedent making "knowing and intelligent" an element of waiver of jurisdiction in a civil action.  A litigant is expected to understand the jurisdiction of the Court in which the litigation is proceeding.[40]

---

[38] Restatement (Second) of Judgments § 24 cmt. g (Am. L. Inst. 1982).

[39] *Mells*, 482 A.2d at 761 ("[Plaintiff] voluntarily chose a court of limited jurisdiction when he could have presented all his claims, property damage and personal injury, had he brought the original action in this Court.").

[40] *See, e.g., Hooper v. Altizer*, 219 A.3d 521 (TABLE) (Del. 2019) ("Although *pro se* litigants are afforded some leniency in presenting their cases, there is no different set of rules for *pro se* plaintiffs, and the trial court should not sacrifice the orderly and efficient administration of justice to accommodate the unrepresented plaintiff." (internal citations and quotation marks omitted)).

Courts with criminal jurisdiction are well acquainted with the requirement of a knowing and intelligent waiver of the right to counsel. Indeed, since the right to counsel is embedded within the Sixth Amendment to the U.S. Constitution, a criminal case cannot proceed without counsel or a clearly expressed, knowing and intelligent waiver of the right.[41] But civil actions are fundamentally different. No one's liberty is at stake and the rights protected assiduously in a criminal case are simply not present when the dispute is civil in nature. There is no "right" to counsel in a civil case.[42] This is not to say it is unwise to retain counsel, lest one enters a courthouse and, perhaps unknowingly, makes a complete hash of things. But, having elected to proceed without counsel, Ms. Bovell accepted the risk that she was in the wrong court with the wrong claim.

Ms. Bovell contends that Mells knew he was splitting his claim between JP Court and Superior Court, but she did not. While that may be true—the *Mells* record is ambiguous on the point—it does not affect the Court's analysis. Mells' awareness of the JP Court's limited jurisdiction and Ms. Bovell's alleged unawareness shows only that Mells was perhaps slightly more juridically aware

[41] *See Jenkins v. Dover Police Comm'r*, 2002 WL 663912, at *1 (Del. Super. Apr. 5, 2002) ("The right of indigent defendants to counsel in *criminal* matters is well established under the Sixth Amendment." (emphasis in original)).

[42] *See, e.g., Ayers v. Collins*, 2020 WL 7343022, at *1 (Del. Super. Dec. 14, 2020) ("Courts, however, have 'almost universally' declined to extend the right to counsel to indigent plaintiffs in civil cases."); *Miller v. Taylor*, 2010 WL 1731853, at *1 (Del. Super. Apr. 28, 2010) (citing *Gideon v. Wainwright*, 372 U.S. 335 (1963)).

than Ms. Bovell. But it is not as though Ms. Bovell was not alerted to the issue. The Justice of the Peace invited Ms. Bovell repeatedly to voluntarily dismiss her property damage claim and bring her case to a court that could hear both her property damage and personal injury claims.[43] In the end, like Ms. Bovell's other argument, this one supposes the JP Court has an affirmative duty to explain the jurisdictional pitfalls of claim splitting to the litigant. Such a duty does not exist in this case.

## B. Racondo Bovell's claim can be brought in this Court.

Although Ms. Bovell's claim is barred, there remains the matter of her son, Racondo. The Complaint states that he is her adult, special needs son and was in the vehicle at the time of the mishap.[44] Complicating matters is that Ms. Bovell represented to the JP Court that she was also pressing a claim on behalf of her son, but she presented no evidence that her son had consented to that representation, or that she had secured guardian *ad litem* status to represent him.[45] And she is not an attorney capable of representing parties in legal proceedings.

The Defendants presented argument in their motion to dismiss sufficient to convince the Court to dismiss the claim brought by Ms. Bovell. The motion offered precious little, however, concerning the effect of such dismissal on the

---

[43] JP Ct. Tr. at 5:13–8:1.
[44] Compl. ¶¶ 5–6.
[45] *See* JP Compl.; JP Ct. Tr. at 23:6–7, 27:1–4, 28:8–10.

action here brought by Racondo. The Court, therefore, ordered further briefing on the question whether Racondo's claim survives dismissal of his mother's claim.[46]

Upon consideration of the parties supplemental briefing, the Court makes the following observations and ruling:

Racondo was not named as a plaintiff in the JP action.[47] Both he and his mother are named as Plaintiffs in this complaint.[48] Accepting the allegations of the Superior Court complaint as true, as we must at this point in the pleadings, Racondo is "highly autistic" and "this application is being filed to permit Plaintiff Tricia Bovell to prosecute this action for Plaintiff Racondo Bovell."[49] But "this application" is not an application at all, it is a complaint in tort, filed by counsel. Neither was any "application" filed in the JP Court to appoint Ms. Bovell as Racondo's legal guardian. There is no evidence one way or the other indicating whether Ms. Bovell is the legal guardian for Racondo for other matters, or whether Racondo's condition renders him incapable of pressing his claim with the assistance of counsel.

---

[46] D.I. 21.
[47] JP Compl.
[48] Compl.
[49] *Id.* ¶ 6.

11

The Court recognizes that a ruling in the JP Court binds both the named Plaintiff Tricia Bovell and those in privity to her.[50]  Those in privity with the plaintiff are those whose interests "are identical or closely aligned such that they were actively and adequately represented in the first suit."[51]  The Defendants argue the nonparty in JP Court—Racondo—should be bound because: (1) a "substantive legal relationship" exists between Racondo and his mother; and (2) Racondo was "adequately represented" by Ms. Bovell's appearance in the earlier action.[52]  The Court can accept both propositions in the abstract, but cannot accept them on this record.

The "substantive legal relationship" between Racondo and mother is not a matter of record, except that Racondo is Tricia Bovell's son.  Defendant says "Racondo had a substantive legal relationship with his mother who was his legal guardian."[53]  But that statement is without citation to any record or authority.  The Court cannot dismiss a case based upon an *ipse dixit* in the Defendants' supplemental brief.

---

[50] *Khols v. Kenetech Corp.*, 791 A.2d 763, 767 (Del. Ch. 2000), *aff'd* 794 A.2d 1160 (Del 2002) ("Under the doctrine of res judicata, a judgment in a prior suit involving the same parties, or persons in privity with them, bars a second suit on the same cause of action.").

[51] *Johnson v. Jester*, 2022 WL 102097, at *3 (Del. Super. Jan. 10, 2022).

[52] Def. Suppl. Br. at .pdf p. 4-5, D.I. 23 (citing *Nationwide Mut. Fire. Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 312-13 (3d Cir. 2009)).

[53] *Id.* at .pdf p. 5.

The Defendants further argue that "adequate representation" was present because "Tricia brought the JP action as Racondo's guardian, to recover on his behalf and to protect his legal interests because he cannot speak on his own."[54] But again, Defendant cites no record testimony or other evidence that this is so. Rather, the JP transcript suggests that Ms. Bovell was seeking damages for the property damage to her vehicle in the JP Court and (mistakenly) believed her personal injury claims could be pressed later in a court with jurisdiction.

It may be that the discovery record will reveal that Ms. Bovell is, and has been, Racondo's legal guardian for many years. That should not remain a mystery for long. If she is, then the Defendants may well have a case that Racondo was in privity with his mother as a matter of law and he cannot avoid the dismissal that must be ordered as to Ms. Bovell. But the Court cannot make that finding on a motion to dismiss before any discovery has been taken.

---

[54] *Id.*

## CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED in part** as to Tricia Bovell and **DENIED in part** as to Racondo Bovell. The Court understands that it may be asked to revisit the claims of Racondo and will do so once the legal status of Racondo is better understood.

**IT IS SO ORDERED.**

Charles E. Butler, Resident Judge